*Hord* for appellants; *J. & W. L. Harlan* for appellees.

---

## Semple *vs* Murphy.

8m271
101    33

CHANCERY.

ERROR TO THE CLINTON CIRCUIT.

*Case* 65.

*Bills of discovery. Jurisdiction. Justices of the Peace.*

JUDGE SIMPSON delivered the opinion of the Court.

*January* 25.

MURPHY brought a suit against Semple before a Justice of the Peace, on a note for forty dollars.

Case stated.

Semple filed a bill in chancery in the Circuit Court of the same county, alledging payment of the debt, the residence of Murphy in the State of Alabama, and his inability to prove the payment of the debt by any other testimony except the oath of the plaintiff in the warrant. He prayed for a discovery and obtained an in-

junction to prevent any further proceedings on the warrant until such discovery was made.

The defendant demurred to the bill, and the Court sustained the demurrer, dissolved the complainant's injunction and dismissed his bill with costs.

Two questions are presented: First. The sufficiency of the allegations of the bill. Secondly. The jurisdiction of the Circuit Court to enjoin the proceedings before the magistrate, previous to the rendition of a judgment.

The complainant's bill contains the following allegation: "Your orator believes and so charges, that McClanahan did collect the claims and pay off the note payable to the defendant, now sued on." This, we think, is a sufficient averment that the debt had been paid. The complainant, it is true, diminishes to some extent, the force of this averment, by admitting that his recollection of the facts upon which it was made, is not clear and distinct. This admission, however, is insufficient to destroy the effect of the positive allegation of payment, and the demurrer should not have been sustained on this ground.

The Chancellor has power, on bill filed for that purpose, to enjoin proceedings at law before a Justice of the Peace and compel a discovery of facts to be used upon the trial at law before the Justice.

We perceive no reason to question the jurisdiction of the Circuit Court in a case of this kind. The bill is not filed for the purpose of obtaining a discovery and relief, but merely for the purpose of obtaining a discovery from the plaintiff in the warrant, to be used as evidence on the trial before the Justice of the Peace. The Chancellor exercises a general jurisdiction to compel a discovery upon oath, where it is necessary to prevent injustice in a trial at law. According to our system which combines common law and chancery jurisdiction in the same tribunal, to be dispensed, it is true, on different sides of the Court, keeping up and recognizing the distinction between them, it is usual for a bill of this nature to be filed on the chancery side of the same Court where it is to be used. But if the Courts were entirely separated, the Judge and the Chancellor being different persons, and holding distinct Courts, the power of the Chancellor to compel a discovery upon oath, to be used

on the trial to be had before the common law Judge, would be no less certain and effectual.

The Chancellor then, having a general jurisdiction for this purpose, is there any thing to prevent its legitimate exercise in a case like the present? The act of 1809, (2 *Stat. Law*, 891,) authorizes the parties, in trials in cases of debt or account before a Justice of the Peace, to require each other to answer on oath in relation to the truth of the matters relied upon. The act of 1828, (2 *Stat. Law*, 902,) extends this provision to all trials before Justices of the Peace, and authorizes the magistrate to render judgment against either party that may refuse to answer. These statutes, however, seem to contemplate an oral examination of the parties, and where the plaintiff is a non-resident, might not, according to the usual mode of proceeding before Justices of the Peace, afford an adequate remedy.

If, however, the Justice of the Peace before whom the warrant is pending, can by virtue of these statutes, compel a discovery by a party who resides in another State, and who is absent from this State at the time, still the jurisdiction given to the Justice of the Peace for this purpose, is not exclusive, but merely concurrent with that of the Chancellor, and does not deprive him of his jurisdiction in such cases.

*If the Justice of the Peace has jurisdiction on bill filed, to compel such discovery, the jurisdiction of the Justice is not, therefore, exclusive, but only cumulative and does not oust the Chancellor of his jurisdiction in such cases.*

Where a bill is filed as in the present instance, to obtain a discovery, and the facts are alledged to be exclusively within the knowledge of the defendant, and the manner in which they came to his knowledge are set forth, and the bill is supported by oath or affirmation, the general traverse applicable to non-residents, in chancery proceedings against them, does not apply, and if no answer shall be put in, the allegations of the bill shall be taken as confessed: *Act of* 1838, (3 *Stat. Law*, 17.) So that the object of the complainant's bill is not defeated by the fact of the non-residency of the defendant.

*When a bill of discovery is filed and sworn to, against a non-resident, and it is alledged that the facts are exclusively within his knowledge and the manner in which they became known to him are set forth the general traverse does not apply, and if they are not denied, the bill should be taken for confessed: (3 Stat. Law, 17.)*

We are therefore of the opinion the demurrer to the complainant's bill should not have been sustained.

Wherefore, the decree is reversed and cause remanded with directions to overrule the defendant's demurrer

to the bill of the complainant, and for further proceedings in conformity with this opinion.

*Semple* for plaintiff; *J. & W. L. Harlan*, for defendant.