# Kelley v. Barlow et al.

Oct. 7, 1941.

Faurest & Faurest, W. E. Huffaker and Bethel B. Kelley for appellant.

Dodd & Dodd for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming in part and reversing in part.

Victor L. Kelley and J. Smith Barlow, Jr., were opposing candidates for the Democratic nomination for the office of county attorney of Nelson county at the primary election held on August 2, 1941. The election commissioners certified that Kelley received 2,122 votes and Barlow 2,172 votes, giving Barlow a majority of 50 votes. On August 16, 1941, Kelley brought an action in the Nelson circuit court seeking a recount of all the votes cast at the primary election for candidates for county attorney and contesting the nomination of Barlow. In the first paragraph of his petition he asked for a recount. In the second paragraph he alleged generally that a number of votes cast in the primary and counted for Barlow were cast illegally and should be deducted from the total counted for Barlow. A demurrer to this paragraph of the petition was sustained, and it is conceded by appellant that the ruling of the court was correct. The third paragraph charged a violation of the Corrupt Practice Act, Kentucky Statutes, Section 1565b-1 et seq., by the contestee. In the prayer of his petition the contestant asked that the nomination be declared void, and that the contestant, as the candidate who received the next highest number of votes, be declared the nominee. It was not alleged in the petition that the contestant had not violated the provisions of the Corrupt Practice Act. A recount of the votes was had on August 22, 1941, and in the recount the contestee gained 9 votes, making his majority 59 instead of 50 as certified by the election commissioners. On August 23, 1941, after the time for filing a contest had expired, the contestant filed in the clerk's office an amended petition in which he alleged that he did not violate any of the provisions of the Corrupt Practice Act in the primary election held on August 2, 1941, and asked for relief as prayed for in his original petition. On August 29, 1941, appellant tendered the amended petition in open court and offered to file it and the contestee objected. His objection was sustained, and the court refused to permit the amendment to be filed. A demurrer to the third paragraph was sustained and the petition dismissed. The contestant has appealed.

The appellee contends that the third paragraph of the petition is defective in two particulars: (1) The

allegation that he violated the Corrupt Practice Act is on information and belief only; and (2) the grounds of contest are not specifically set out as required by Section 1550-28, Kentucky Statutes.

In the third paragraph of the petition it is alleged that certain corporations, with the knowledge and consent of the appellee, coerced and directed their employees to vote for the appellee in the primary election, and with his knowledge and consent contributed money, services, and other things of value toward his nomination. The third paragraph of the petition then continues:

"He further states that he is informed and believes it to be true and so alleges that the defendant, J. Smith Barlow, Jr., and certain corporations, persons, companies and individuals with knowledge and consent of the defendant, J. Smith Barlow, Jr., expended and paid money and other things of value to certain persons as consideration to the said persons for their votes for the said defendant, J. Smith Barlow, Jr., in said primary election.

"He further states that the foregoing acts violated the provisions of the Corrupt Practice Act of the State of Kentucky, and that the provisions of said act were violated by the defendant, J. Smith Barlow, Jr., and by others in his behalf with his knowledge."

It is appellee's contention that the statement "he is informed and believes it to be true and so alleges" is merely an allegation and that the pleader is informed and believes, and is not a direct and positive statement of facts upon which an issue may be made that is material to the question involved. It is argued that the word "so" refers to the clause "he is informed and believes it to be true," and restricts the application of the word "alleges" to that clause. The language quoted should not be given such a narrow construction. Similar allegations are frequently used in pleadings, and we have held that they are sufficiently definite and positive. Semple v. Murphy, 8 B. Mon. 271. Facts must be pleaded directly and positively, but the language in a pleading should be given its reasonable and ordinary import. The language here in question clearly indicates that the

facts are intended to be positively stated and not merely on information and belief.

It is also argued that the language of paragraph 3 of the petition is too general, in that it fails to name the corporations or persons who bribed voters with the knowledge and consent of the appellee or to name the voters who were bribed. In election contest proceedings where the contestant seeks to have alleged illegal votes deducted from the number of votes counted for the successful candidate by the election commissioners, his allegations must be specific and the illegal voters must be named, but where the ground of contest is the violation of the Corrupt Practice Act, allegations of violations of the Act may be in general terms. In Combs v. Brock, 240 Ky. 269, 42 S. W. (2d) 323, 327, it was said:

"The Corrupt Practices Act characterizes a variety of acts and omissions as offensive to its provisions, and it would, no doubt, be incumbent upon the pleader invoking them to specify in his pleading the particular denounced act or omission contained in the statute as constituting its violation, and we do not construe the provisions of the 1930 act, supra, when it says that the contest pleading shall set out 'the specific grounds relied upon,' to require any different rule of pleading, or more particularity than what we have heretofore adopted in the cases supra. Therefore, when plaintiff averred in the fourth paragraph of his petition, and in the last sentence of the third paragraph, that defendant had violated the provisions of the Corrupt Practices Act by bribing voters to cast their ballots for him, and procuring others to do so with his knowledge and consent, he sufficiently stated the ground of contest contained in Section 1565b-11, supra, of our Statutes, and that the court erred in sustaining the demurrer thereto, and for this reason alone the judgment was and is erroneous." To the same effect is Humbert v. Heyburn, 240 Ky. 405, 42 S. W. (2d) 538.

In the light of these opinions and others therein cited, the allegations of paragraph 3 of the petition were sufficient and the court erred in sustaining the demurrer thereto.

It is suggested that the petition is fatally defective

684

because the contestant failed to allege that he had not violated the provisions of the Corrupt Practice Act, but this failure only affects the remedy to which he is entitled if it is established that the contestee violated the Act. The contestee will be deprived of the nomination, but the contestant cannot be declared the nominee. A candidate, although he is not entitled to the nomination, may contest the nomination of his opponent on the ground the latter violated the Corrupt Practice Act. Humbert v. Heyburn, supra; Green v. Cawood, 230 Ky. 823, 20 S. W. (2d) 984; McKinney v. Barker, 180 Ky. 526, 203 S. W. 303, L. R. A. 1918E, 581. Appellee relies on the case of Humbert v. Heyburn, supra, which held the petition was fatally defective, in that the contestant failed to allege that he did not violate the provisions of the Corrupt Practice Act, but this was because the only relief prayed for was that the contestant be declared the nominee.

Appellant earnestly insists that the amended petition in which he averred that he did not violate the provisions of the Corrupt Practice Act, though tendered for filing after the time allowed for instituting a contest proceeding had expired, should have been filed since it did not contain an additional ground of contest, and that the court erred in sustaining appellee's objection and refusing to permit it to be filed. This part of the judgment is affirmed without opinion by an equally divided court. That part of the judgment sustaining the demurrer to paragraph 3 of the petition and dismissing the petition is reversed, with directions to overrule the demurrer and for further proceedings consistent herewith.

Whole court sitting, except Judge Fulton.