Reginald K. **MEEKS**, Appellant,

v.

Gerry Marie **ELLIS**, Appellee.

No. 1998–CA–001634–MR.

Court of Appeals of Kentucky.

Nov. 19, 1999.

See also 968 S.W.2d 669.

Kenneth L. Sales, Keith B. Hunter, Segal, Sales, Stewart, Cutler & Tillman, Louisville, for Appellant.

Teddy B. Gordon, Louisville, for Appellee.

BEFORE: GUDGEL, Chief Judge; HUDDLESTON and KNOPF, Judges.

*OPINION*

HUDDLESTON, J.

Reginald K. Meeks appeals from a Jefferson Circuit Court order that denied his Kentucky Rule of Civil Procedure (CR) 60.02(b) motion to relieve him from its final order declaring his 1996 nomination as the Democratic candidate for 11th Ward Alderman in the City of Louisville void. The motion is based on what Meeks describes as newly discovered evidence.

CR 60.02(b) authorizes a circuit court to relieve a party from its final judgment or order upon the ground of newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under CR 59.02. The motion must be filed within one year after the judgment or order was entered. The order voiding Meeks's nomination was entered on April 20, 1998, after the Supreme Court reversed a Jefferson Circuit Court judgment that had upheld his nomination and after the Court directed the circuit court to enter an order declaring Meeks's nomination void. Meeks filed his CR 60.02(b) motion on April 30, 1998. Since, as required by CR 59.02, Meeks's motion was filed within ten days following entry of the order declaring his nomination void, we elect to treat the motion as one filed under CR 59.01(g) which authorizes the granting of a new trial based on "[n]ewly discovered evidence, material for the party

applying, which he could not, with reasonable diligence, have discovered and produced at the trial."

In the May 1996 primary for the Democratic nomination for 11th Ward Alderman, Meeks defeated Gerry Marie Ellis by a margin of eight votes. Ellis contested Meeks's nomination alleging that the delivery of lunches to precinct workers (some of whom were also voters) and Meeks's presence in some ten of fifteen polling places violated Kentucky Revised Statutes (KRS) 121.055, which restricts certain candidate expenditures designed to influence voters, and KRS 117.235(3), which prohibits electioneering at polling places. The parties entered into a Stipulation of Facts, and the case was submitted for a decision.

The circuit court found that the election had not been compromised and upheld the result. The circuit court's judgment was affirmed by this Court, but the Supreme Court reversed our decision and held, pursuant to KRS 120.065, that the nomination of Meeks was void. *Ellis v. Meeks*, Ky., 957 S.W.2d 213 (1997).

Following the Supreme Court's decision and the entry of the order declaring his nomination void, Meeks sought relief from the order asserting that subsequent to the trial of this action in 1996 he discovered new evidence which shows that Ellis was not a valid candidate and thus lacked statutory standing to bring an election contest. Meeks relied on KRS 120.055, a statute which delineates the procedure for the contest of primary elections.

In his new trial motion, Meeks alleged that upon filing for office on January 30, 1996, Ellis swore under oath that she resided within the 11th Ward at 2123 Grand Avenue, Louisville, Kentucky 40210. According to Meeks, Ellis actually resided at 4101 Stone View Drive # 4, Louisville, Kentucky 40207, outside the 11th Ward. Meeks offered evidence that: (1) Ellis listed her address as 4101 Stone View Drive

# 4 in the April 1996 BellSouth Greater Louisville White Pages; (2) a complaint was filed against Ellis on February 17, 1995, as a result of her failure to pay condominium dues at the 4101 Stone View Drive address; and (3) Ellis filed a bankruptcy petition on July 11, 1997, in which she listed her address as 4101 Stone View Drive # 4 and swore that she had occupied no other residence for the immediately preceding two years.

Relying on *Kelley v. Barlow*,[1] the circuit court determined that even a candidate who is not entitled to the nomination can contest the nomination of her opponent on the ground that the opponent violated the Corrupt Practices Act. In denying Meeks's motion, the court said that "[KRS 120.055] does not specify whether [a] candidate who brings an election contest must be a valid one...." Because "the previous judgment [*i.e.*, the decision of the Supreme Court] was based upon the conduct of [Meeks] and not [Ellis]," the court reasoned, "it must stand as the law of the case, particularly in light of the mandate of the Supreme Court of Kentucky [directing that the circuit court declare Meeks's nomination void]."

■ On appeal to this Court, Meeks argues that the circuit court abused its discretion in denying his motion for a new trial and that the court's reliance on *Kelley v. Barlow*,[2] was inappropriate because of the adoption of KRS 120.055 subsequent to rendition of that decision.

■ CR 59.02(g) [as well as CR 60.02(b) ] authorizes relief from a final judgment only if: "(1) the evidence was discovered after entry of judgment; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence is not merely cumulative or impeaching; (4) the newly discovered

1. 287 Ky. 680, 155 S.W.2d 10 (1941).

2. *Id.*

evidence is material; and (5) the evidence, if introduced, would probably result in a different outcome."[3]

The fatal flaw in Meeks's new trial motion, which was not addressed by the circuit court, is his failure to allege or to establish by affidavit or other proof that he could not with reasonable diligence have discovered the evidence which he now claims is material to his case in time to introduce it during the trial of this action. The reason for this deficiency is obvious. The April 1996 telephone listing allegedly showing that Ellis's residence was outside the 11th Ward was readily available to any resident of Louisville; and the lawsuit brought against Ellis by the condominium association was filed in Jefferson Circuit Court on February 17, 1995, more than fifteen months before the lawsuit challenging Meeks's nomination was initiated. The information gleaned from the subsequently filed bankruptcy petition is merely cumulative. Furthermore, Meeks has not shown that he attempted in any way to discover Ellis's residence address while this action was awaiting a resolution in the circuit court. Finally, it has long been the rule that the qualifications of a candidate to appear on the ballot must be challenged before the primary election.[4]

Because Meeks has not alleged or demonstrated that he could not have by the exercise of reasonable diligence discovered the evidence relating to Ellis's place of residence in time to produce it at trial, his motion for a new trial based on newly discovered evidence was properly denied. Therefore, the order from which this appeal is prosecuted is affirmed, albeit for a reason other than that relied on by the circuit court.[5]

All concur.

**3.** *Hopkins v. Ratliff*, Ky.App., 957 S.W.2d 300, 301–2 (1997). *See generally* 7 Kurt A. Philipps, Jr., *Kentucky Practice*, CR 60.02, cmt. 4 (5th ed.1995).

**4.** KRS 118.176; *Noble v. Meagher*, Ky., 686 S.W.2d 458, 461 (1985); *Fletcher v. Teater*, Ky., 503 S.W.2d 732 (1974); *Fletcher v. Wilson*, Ky., 495 S.W.2d 787 (1973).

**5.** *Bank One, Pikeville v. Commonwealth, Natural Resources and Environmental Protection Cabinet*, Ky.App., 901 S.W.2d 52, 56 (1995); *Vega v. Kosair Charities Committee, Inc.*, Ky.App., 832 S.W.2d 895, 897 (1992).