## Asher v. Johnson, Clerk, etc.

(Decided October 18, 1921.)

### Motion to Grant Injunction.

Elections—Voters Other Than Party—Nomination by Petition.—An aggregation of voters other than a party, which cast two per centum of the total vote at the preceding election, may by one petition nominate several different persons, as candidates for different offices, provided, that not more than one person is named for the same office, and all the candidates nominated represent the same party or principle, and in such case, it is the duty of the clerk of the county court to print their names upon the official

ballots, in the same column, and under the common device selected by the petitioners, unless the device has already been selected by some other person, and in such event, under a suitable common device.

J. C. W. BECKHAM, CLEON K. CALVERT, JAMES M. GILBERT and E. F. BAKER for plaintiff.

WILLIAM LOW and JOHN HOWARD for defendant.

OPINION BY CHIEF JUSTICE HURT—Overruling motion.

The requisite number of legal voters to entitle a candidate for a county office to have his name printed upon the ballots, to be used in the election of such an officer, as provided by section 1453, Ky. Stats., signed a petition to the county clerk requesting him to cause to be printed upon the ballots, the names of T. G. Anderson, Edward Persiful, Martin Green and Frank Kearnes, as candidates for the offices of county attorney, county clerk, sheriff and jailer, respectively, at the regular November election, 1921. The petition states with particularity the name and residence of each of the four persons nominated; the office for which each is nominated; that he is legally qualified to hold the office for which he is named, and that each of the petitioners is legally qualified to vote for each of the persons named for the office for which the petition names him as a candidate. The petition contains the following further statement:

"We designate as a title of the party or principle which said candidates represent, that of Law and Order, and we designate as a device by which they shall be designated on the ballot, the picture of an open book, with the word "Law" on the left hand page, and the word "Order" on the right hand page, and a circle underneath. All of the foregoing candidates are to be placed under the above device in the same column, and in the order in which they are named above." The petition was in due time filed with the clerk of the county court.

The plaintiff, who is the nominee of the Republican party for the office of sheriff, sought by this action to enjoin the county court clerk from causing the name of the defendant, Martin Green, to be printed upon the ballots as a candidate for sheriff, in opposition to him, upon the ground that the nominating petition was insufficient under section 1453, *supra,* in that the same petition names three other candidates, each for a designated office and that such is not allowable under section 1453, *supra,* and

the further fact that there is no such party as the Law and Order party, and hence, is not entitled to have candidates upon the ballots under the device of such a party. A motion was made before the judge of the Bell circuit court to obtain the granting of an injunction that would prevent the clerk of the county court from putting the name of defendant upon the ballots. The motion was overruled and plaintiff has applied to me, as a judge of the Court of Appeals, to order such an injunction granted.

Section 1453, *supra,* after providing that the clerk shall cause to be printed upon the ballots the names of the candidates nominated by the convention or primary election of any party, which at the last preceding general election cast two per centum of the total vote of the state, upon the certificates of the presiding officer and secretary of the convention or in case of a primary election, by the secretary and chairman of the district committee, then provided, "and also the names of any candidates for any office when petitioned so to do, by electors qualified to vote for such candidates," and then specifies the number of petitioners necessary. The section then provides further as follows:

"Such petition shall state the name and residence of each of such candidates; that he is legally qualified to hold such office; that the subscribers desire and are legally qualified to vote for such candidate; and shall designate a brief name or title of the party or principle which said candidates represent, together with any simple figure or device by which they shall be designated on the ballot." This statute, also, provided that if a party, which cast two per centum of the total vote of the state at the last preceding general election, failed to nominate candidates by convention or primary election, they might nominate by petition, and the candidates of such party for the various offices should be printed upon the ballots in the same column under one common device. No arrangement was provided at that time or since for an independent candidate, or the candidates representing any party which cast less than two per centum of the total vote of the state at the preceding general election, or candidates representing any principle, other than such parties, getting their names upon the ballots, except by petition. Since that time, by the enactment of section 1550, Ky. Stats., the manner of nominations by political parties which cast as much as two per centum of the total vote of

the state at the preceding general election has been confined to primary elections or to the filling of vacancies by the governing authority of parties, but parties, or aggregations of voters supporting a policy or principle, which did not cast at the last general election two per centum of the total vote of the state must yet find a place for their candidates upon ballots, as provided by section 1453, *supra*, and the other sections of chapter 41, Ky. Stats., which relate to regular elections other than primary elections. That statute made provision for the candidates of a party, or the candidates of an aggregation of voters, who support or desire to support a common principle, to be printed upon the ballots under a device of its or their selection. In the instant case, the voters, who signed the petition, formed themselves into a party called the Law and Order party, and the common principle to which they proposed to give adhesion was law and order, and they designated that as a brief name of the party and principle which their candidates represent. In Creech v. Davis, 21 K. L. R. 325, a number of separate petitions were filed, each of which requested the name of a candidate to be printed upon the ballots as a representative of "Citizens Party" and "under title and name of said party, and that said party be designated upon the ballots by and under the following device, viz." Each petition named the same device as the device of the party. These petitioners had thus formed a party which at the last general election had not cast two per centum of the total vote of the state, and had no existence until it was created by the voters who signed the petitions. The only difference between the facts of that case and the instant one, is that in that case a petition was filed for each candidate, while in this case the four candidates representing the party or principle designated, were all nominated by one petition, but it was requested that the name of each of them be printed in the same column under a common device. The court held in Creech v. Davis, *supra*, as follows:

"It was clearly the duty of the clerk, or his deputy, to group in one column the names of the candidates on the Citizens ticket under the device selected by them, heading the column with the device and putting under it the words 'Citizens Party' as requested in the petition." In Browning v. Lovett, 139 Ky. 480, upon a similar state of facts, the court said:

"The voting population of Whitley county is largely Republican, and in 1905, growing out of dissatisfaction with the conduct of affairs by those in control of the party organization, an independent Republican ticket for five county offices was nominated by petition in the manner provided by section 1453 of the Ky. Stats. The petition requested the county clerk to have the names of all these candidates placed on the official ballot under the device selected by them, and in one and the same column, and it was the duty of the county clerk to place the names of all these candidates in one and the same column as requested and under the device selected."

Section 1460, Ky. Stats., provides that the county clerk shall cause the names of all candidates, where nominations have been duly made, "to be printed on one ballot, all nominations of any party, or group of petitioners, as designated by them in their certificate or petition; or if none be selected, under some suitable title or device. If the same device for designating candidates be selected by two parties or groups of petitioners, it shall be given to the one which first selected it. . . . "

There could be no essential difference in permitting an aggregation of voters to nominate a number of candidates by one petition, designating therein the office for which each candidate is named, if all represent the same party or principle, and designating a common device under which the names of all should be printed on the ballots, and permitting them to nominate the same persons for the same offices, and requesting that the names be printed on the ballots under the common device, by a separate petition for each candidate. There certainly could be no reason for such holding, and there is nothing in the statutes which requires separate petitions for each candidate representing the same party or principle, but the inhibition is against naming two or more candidates for the same office in a petition or certificate. Section 1454, Ky. Stats., does not convey a contrary meaning, as insisted, when it provides that "if any certificate or petition of nomination shall contain the name of more than one candidate for any office to be filled, neither name shall be printed as a candidate for such office." To insist that this language means that a petition which nominates two candidates, each for a different office, that neither shall be printed upon the ballots, is to insist that its meaning is altogether different from what is said.

It is argued that to give to it its literal meaning which is that if a certificate or nominating petition contains more than the name of one candidate for the same office, that neither name shall be printed upon the ballot, would be an absurdity, since no set of petitioners would ever name two or more candidates for the same office. It could, also, be argued with the same effect that no committee would ever certify the name of more than one candidate for a nomination for the same office, but because the legislature has provided against a circumstance which is not likely, in the course of ordinary events, to happen, is not a reason why it has not done so, and does not authorize the placing on it a construction of its language contrary to its plain intent and meaning.

The motion is, therefore, overruled.

Judges Thomas, Clarke and Quin concur in the conclusion reached.