## Smith et al. v. Corum.

October 29, 1948.

T. T. Burchell for appellants.

Roy W. House and John M. Lyttle for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

More than forty-five days before the general election to be held on November 2, 1948, Chester Corum filed a petition with the County Clerk of Clay County to become a candidate for member of the Clay County Board of Education in District No. 5. The petition was signed by more than fifty legal voters of the district, and conformed in all respects to the requirements of KRS 160.-220. On September 17, 1948, Elmer R. Smith also filed with the County Clerk of Clay County a petition to become a candidate for member of the Clay County Board of Education in District No. 5. On October 4, 1948, Chester Corum brought this action against Elmer R. Smith and Squire Baker, County Clerk of Clay County, in which he questioned the right of Elmer R. Smith to have his name printed on the ballot. After setting forth his own compliance with the provisions of KRS 160.220 and his eligibility for the office, the plaintiff alleged that the petition filed by the defendant Smith with the County Clerk was insufficient in that it failed to contain the signatures of the requisite number of legal voters. KRS 160.220 requires the county clerk to cause to be printed on the ballot the names of legally eligible candidates in whose behalf he is petitioned to do so in writing by not less than fifty legal voters of the county school district division. The plaintiff named a number of persons who purportedly had signed Smith's petition, and alleged that their names had been signed to the petition without their knowledge or consent. He also alleged that a few signers, naming them, were not legal voters in the district. He asked that these names be stricken from the petition; that the petition be declared insufficient; and that the County Clerk be enjoined from causing Smith's name to be printed on the ballot. Proof was heard and the court struck sixteen names from the petition, leaving thereon the names of less than fifty legal voters of the district. It was then adjudged that the plaintiff was entitled to the relief sought in his petition, and his motion for a permanent injunction was sustained. Elmer R. Smith and Squire Baker, Clerk of the Clay County Court, have appealed.

The evidence heard by the lower court has not been made a part of the record; consequently, the sole question presented is whether the petition of the appellee,

Chester Corum, is sufficient to support the judgment. Appellants insist that appellee has no right to maintain this action, and they cite and rely upon Little v. Bogie, 300 Ky. 668, 190 S. W. 2d 26, where it was held that a nominee of one political party has no right before the general election to question the certificate of nomination of his opponent where the notification, declaration and certificate of nomination are valid on their faces. In such a case there has been ample opportunity to test the candidate's right to his party's nomination by appropriate proceedings before the primary election or by a contest proceeding after the election, and his opponent in the general election should not be permitted to question his certificate of nomination where it is valid on its face. The rule should not be extended, however, to a case like the one before us where there has been no primary election and the nomination for the general election is by petition. A candidate for a school board is not the nominee of a political party. He must be nominated in the manner prescribed by KRS 160.220, and there should be some way to test the validity of his nominating petition in order to avoid uncertainty, confusion, unnecessary expense, and possibly a void election. Bogie v. Hill, 286 Ky. 732, 151 S. W. 2d 765. We think that appellee, the most interested party in the matter, had a right to maintain the action.

Judgment is affirmed.