# Evans v. Hill.

November 17, 1950.

R. L. Maddox, Judge.

Floyd Taylor for appellant.

Kelly Clore for appellee.

CHIEF JUSTICE SIMS—Affirming.

This record reached us just a few days before the November election and on the day the case was decided we entered an order affirming the judgment and reciting the opinion would follow at a later date.

Qn Sept. 18, 1950, Charles Evans filed in the office of the clerk of the Bell County Court what purported to be a petition nominating him as a candidate for member of the Bell County Board of Education in Educational Division No. 4 in the election to be held on Nov. 7, 1950. His nominating petition was signed by 101 qualified voters of the district and met the requirements of KRS 160.220, and was filed within not less than 45 nor more

than 60 days before the day of the election in compliance with KRS 118.130 (4). Subsequently, Evans discovered that by mistake his petition showed he was a candidate in District No. 5 when as a matter of fact he and all the signers of his petition were residents and legal voters in School District No. 4; that instead of filing as a candidate in District No. 4 as intended, he had filed as such candidate for the board of education in District No. 5.

On Sept. 29, 1950, Evans presented to Clarence Hill, Clerk of the Bell County Court, his petition and affidavit asking that the error be corrected and that he be placed on the ballots as such candidate in District No. 4 instead of District No. 5. This the clerk refused to do and Evans filed this suit in the Bell Circuit Court to mandamus the clerk to make the correction in Evans' nominating petition. A general demurrer was sustained to the petition as amended, Evans refused to plead further, the petition was dismissed and he appeals.

In Bogie v. Hill, 286 Ky. 732, 151 S. W. 2d 765, it was held that K. S. sec. 4399-25, now KRS 160.220, was mandatory in requiring that such nominating petition be signed by the requisite number of qualified persons and must show the district or division of the county district and the place of residence of each person signing it. The Bogie opinion followed Allen v. Hardin, 272 Ky. 396, 114 S. W. 2d 494.

Evans did not live in District No. 5 nor did any of the signers of his petition reside therein but he and all the signers of his petition lived in District No. 4. Therefore, it is clear that the petition filed with the county court clerk did not authorize that official to place Evans' name on the ballot as a candidate from District No. 4 because the petition asked that his name be placed thereon as a candidate in District No. 5. This petition had no more efficacy than a similar one would have had filed by Evans in an adjoining county in which neither he nor his signers were legal voters, or one filed in behalf of a candidate for one office when he sought election to another and different office.

Evans did not discover the nominating petition erroneously named him a candidate in District No. 5 instead of No. 4 until Sept. 29, 1950, when he attempted to have it corrected. It was then too late for him to do

so as the date was within less than 45 days before the election, KRS 118.130 (4).

As Evans had no right under the nominating petition filed to have his name go on the ballot as a candidate from District No. 4, it is apparent we do not reach the interesting question so ably argued in appellee's brief that mandamus will not lie in this instance to compel the clerk to put Evans' name on the ballot. Therefore, we will neither discuss nor decide it.

The judgment is affirmed.