James F. QUEENAN et al., Appellants,

v.

Frank E. MIMMS, Appellee.

Court of Appeals of Kentucky.

Oct. 21, 1955.

C. Maxwell Brown, Louisville, for appellants.

Albert F. Reutlinger, Louisville, for appellee.

STANLEY, Commissioner.

The appeal is from a judgment enjoining the Jefferson County Clerk from placing on the ballots and voting machines for the November, 1955, election for councilmen of St. Matthews the names of T. S. Rudy and eleven others as candidates of the "George Washington Party." An order has heretofore been entered reversing the judgment. Time was taken to prepare this opinion.

Mr. Queenan, as Clerk, is here as a necessary party, and six other named parties do not challenge the judgment as to themselves for they had withdrawn as candidates before the suit was filed.

There was duly filed with the County Court Clerk a "Joint Nominating Petition for Twelve (12) Offices as Councilmen for the City of St. Matthews." The petition listed names of twelve proposed candidates and stated their qualifications for the offices.

The complaint filed by Frank E. Mimms, a nominee for mayor on an opposing ticket designated as the "Community Party", states that the council was composed of only six members and charges that in petitioning the nomination of twelve persons, the petitioners were nominating two for each office. The circuit court accepted that view and ruled the petition of nomination to be ineffectual.

The nomination of twelve persons came about through an error or misunderstanding. KRS 86.030 provides that a council of a city of the fourth class shall have "not less than six nor more than twelve councilmen, the number to be fixed by ordinance." The St. Matthews council had consisted of six members but on September 12, 1955, an ordinance was adopted increasing the number to twelve, effective December 5, 1955. The ordinance further provided that each of the twelve offices was to be filled at the election of November 8, 1955. The mayor endorsed his objection on the ordinance with a memorandum that its publication should be held up until the ordinance could be reconsidered. It was never published. See KRS 86.090. The record does not show whether or not the ordinance was reconsidered, and we understood from the oral argument that it was repealed. In any event, it is conceded the ordinance never became effective.

The nominating petition of twelve candidates was filed on September 21, 1955, nine days after the ordinance was passed, on the assumption of the petitioners that it was or would go into effect.

■ It appears the city is not divided into wards, KRS 86.040, and that each and every member of the council is elected by the qualified voters of the entire city. KRS 86.220. It follows, of course, that nomination of candidates is the same. KRS 118.080.

■■ It is a general rule that combinations of electors are entitled to nominate candidates by petition where they do not constitute a political party that is required by the statutes to make nominations in another way. It is so provided in our statutes. KRS 118.080. Separate petitions are not required for each candidate where several candidates will run for different offices and the petitioners are qualified to make nominations for each. So a single petition may embrace the name of one candidate of an independent party group for every office to be filled. Asher v. Johnson,

192 Ky. 575, 234 S.W. 18; Greene v. Slusher, 300 Ky. 715, 190 S.W.2d 29; 29 C.J.S., Elections, § 108.

■■■ Of course, it is neither proper nor right for the same petitioner or petitioners to make conflicting nominations by naming more than one candidate for each office. So the statute provides that in such a case the petitioner shall not be counted for either or any nomination. KRS 118.080. If that be the case here, as the circuit court held, there was no valid nomination. However, it seems to us there was a good faith purpose to nominate only one candidate for each office. The intention of the petitioners is the heart of the matter. They had mistakenly nominated twelve persons for twelve offices and the turn of events developed that only six offices were vacant, and then six of the twelve persons they sought to nominate formally withdrew so that their names could not and will not appear on the ballots or voting machines. The fact of the error ought not to vitiate their petition and deprive the electors of the privilege of nominating the remainder.

We do not regard Evans v. Hill, 314 Ky. 61, 234 S.W.2d 297, as controlling. In that case a petition, good on its face, was seasonably filed nominating Evans as a candidate for membership on a county board of education from Division No. 4. Subsequently, but too late for filing another petition of nomination, Evans discovered the petition erroneously nominated him from Division No. 4 instead of No. 5 where he and all the petitioners lived. He filed suit to require the county clerk to correct the petition and to place his name as a candidate from Division No. 5. We held that, of course, Evans had no right to be a candidate from Division No. 4. Because his effort to correct the error and to get on the ballot as a candidate from Division No. 5 was too late (being within less than 45 days of the election), the correction could not be made. In the case at bar the nominating petition was timely filed and the error was merely in having nominated too many candidates for too many offices, and that condition really corrected itself by the excess

number of nominees withdrawing and leaving only six. The petitioners had declared that they wanted these six as candidates. They cared no less for these six than for the others who withdrew.

■■ In Revis v. Duff, 275 Ky. 626, 122 S.W.2d 518, a defeated candidate in a primary election for sheriff was nominated by a petition as a candidate of an independent party to be voted on in November. It was held that he had no right to become such a candidate. Thereupon the petitioners sought to have two others named as candidates for the same office. For some reason, only the name of one of them appeared on the ballot. He, Duff, was elected and his opponent, the nominee of the Republican party, contested the election. One of the grounds of contest was that many of the signers of Duff's petition of nomination had also signed a petition of the candidate declared ineligible and later of the other person whose name did not appear on the ballot. If that number of duplicate signers were deducted from Duff's nominating petition, there were not enough signers to authorize his name being placed on the ballot. We held that since Duff was the only independent nominee whose name was placed on the ballot, the fact that the electors had signed the other abortive petition did not invalidate his election. In the present case when six of the twelve persons prematurely nominated withdrew and their names cannot be placed on the ballot, it must be held, by analogy, that the signers for the remaining six should be recognized. It is a fundamental principle that the courts will construe election statutes liberally in favor of the citizens whose right to choose their public officers is challenged. Greene v. Slusher, 300 Ky. 715, 190 S.W.2d 29.

The judgment enjoining the County Clerk from placing the names of T. S. Rudy, Bernard E. Gratzer, Elijah R. Grinstead, Henry Leathers, William L. Archer and Millard C. Rudy is reversed with directions to dismiss the complaint as against them. Although the other six defendants joined in praying an appeal from the judgment which contains the injunction

prohibiting the Clerk from printing and listing their names as candidates, they do not challenge its propriety at all for they had withdrawn as candidates. As to them, the judgment must be affirmed.