**T. S. RUDY, Appellant,**

v.

**James F. QUEENAN et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 21, 1955.

C. Maxwell Brown, Louisville, for appellant.

Albert F. Reutlinger, Louisville, for appellees.

STANLEY, Commissioner.

Seven different groups of electors, each designating themselves as "The Community Party", filed seven separate petitions with the County Clerk of Jefferson County nominating Frank E. Mimms, as Mayor, and six other men as candidates for councilmen of St. Matthews. Before the petitions were filed but after they were signed, there was inserted in each of the councilmen's petitions a different individual's name, although he was one that appeared also in the group of six nominated for those offices.

It is conceded that the insertions were made with the knowledge and consent of the signers of the petitioners. As stated in the opinion in the companion case of Queenan v. Mimms, Ky., 283 S.W.2d 380, delivered today, St. Matthews, a city of the fourth class, is not divided into wards.

A member of the opposition "George Washington Party" filed suit against James Queenan, County Clerk, and all the nominees of The Community Party to prohibit their names from being placed on the ballots and voting machines at the coming general election.

The allegations of an insufficient number of legally qualified voters signing the petitions specially nominating C. H. Edwardson, Charles H. Greenman and Clarence J. Hoffman were not denied. The judgment enjoined the clerk from placing their names on the ballots and voting machines, and this part of the judgment is not appealed.

Similar allegations against Frank E. Mimms, nominee for Mayor, and Frank H. Stallings, Paul E. Chitwood, Sr. and G. F. Tharp, nominees for councilmen, were traversed.

The case was decided by the trial court on the pleadings and exhibits. Our review takes the same course. Because of the short time intervening until election day, and of the necessity that the county clerk proceed without delay to prepare for the election, we have decided this and the companion case without briefs being filed, and have considered only oral arguments. This has been unsatisfactory, but, nevertheless, deemed quite imperative.

■ Regardless of the question of validity or propriety of inserting a separate and individual name of a nominee in each of the six petitions after they had been signed but with the consent of the signers, we concur in the chancellor's view that these insertions were surplusage. Every separate petition nominated the same six persons as a "slate" for six offices of councilmen. As outlined and held in the Mimms case, this was a proper method of nominating the group of candidates for the group of offices.

■ We accept the trial court's construction of the several petitions as adequately revealing the post office addresses of the petitioners, namely, that stating their respective house numbers, street names and "Louisville, Kentucky" met the requirements of the statute (KRS 118.080) without having specifically said the same was "the post office address" of the respective signers. That was apparent on the face.

■ It was alleged and denied that Stallings and Tharp are ineligible for the office of councilman because each was in "arrears to the city" in that they had not paid current, 1955, city taxes. KRS 86.050(2) provides, among other qualifications: "No member of the council shall be interested in any contract with the city, or be in arrears to the city for money collected or withheld without a settlement or quietus therefor." We readily agree with the expressed doubt of the trial court that this provision has any application to one who merely becomes a candidate or relates to taxes at all unless the party is a tax collector. It seems in any event that the condition of disqualification relates to the time the office may be assumed. These taxes alleged to be in arrears do not become delinquent until November 1, 1955. Our understanding of the term "arrears" means overdue obligations. In any event, it was admitted these gentlemen had paid their 1955 city taxes after the petitions were filed and before the case was heard. This ground of objection, like that pertaining to the post office addresses, is wholly without merit.

The judgment dismissing the complaint as to the appellees, Mimms, Chitwood, Stallings and Tharp, is affirmed.