Francis M. BURKE et al., Appellants,

v.

James B. STEPHENSON, Appellee.

Court of Appeals of Kentucky.

Oct. 11, 1957.

Hinton & May, Herman G. Dotson, Pikeville, for appellants.

Henry D. Stratton, E. D. Stephenson, Pikeville, for appellee.

CULLEN, Commissioner.

In an action brought by James B. Stephenson, who was nominated at the May 1957 primary election as the Democratic candidate for the office of circuit court judge of Pike County, judgment was entered enjoining the county court clerk from printing upon the ballots for the regular November election, the name of Francis M. Burke as the Republican candidate for the office. Burke and the county court clerk have appealed.

Stephenson and Burke both were candidates for the Democratic nomination at the May primary. There was no candidate for the Republican nomination. Stephenson received the majority of votes for the Democratic nomination and was awarded the certificate of nomination. Thereafter, on September 7, the county committee of the Republican Party adopted a resolution nominating Burke as Republican candidate for the office. Stephenson then brought the present action to enjoin the printing of Burke's name on the ballot.

The appellants assert two grounds for reversal, the first of which is that the court had no jurisdiction to entertain an action of this nature. They rely upon such cases as Prewitt v. Caudill, 250 Ky. 698, 63 S.W.2d 954, 955, and Hettel v. Furste, 260 Ky. 844, 86 S.W.2d 1018, 1019, in which it was held that the nominee of one party cannot maintain an action to question the validity of the nomination, through a primary election, of a candidate of another party. However, it was held in Smith v. Corum, 308 Ky. 397, 214 S.W.2d 599, that the foregoing rule would not be extended to a case where the nomination sought to be attacked was not made by primary election, but by petition. The Court pointed out that in the case of a nomination by primary there is an opportunity to test the candidate's right to the nomination by appropriate proceedings before the primary or by a contest suit after the primary, which is not the case with a nomination by petition. It is our opinion that the instant case comes within the scope of the decision in the Smith case, and that the trial court therefore properly entertained the action.

The appellants' second contention is that the nomination of Burke by the party committee was expressly authorized by subsection (4) of KRS 119.070. The first three subsections of KRS 119.070 provide a method by which persons seeking nomination for judicial offices may be proposed as candidates for nomination at the primary election, by either or both of the major political parties, without requirement of affiliation with or support of either party. The proposal for nomination may be made either by resolution of the party committee or by two reputable electors of the party. Subsection (4) then provides:

"Nothing in this section shall prevent any political party from offering a candidate for election for such judicial offices under the device of the party, if the governing authority of the party in the district affected so orders."

The appellants concede that this subsection does not authorize the party committee to propose a candidate to go on the ballot at the regular election under the party label if a candidate of the party has been nominated at the primary. They contend that

the only situation to which the subsection applies is the one before us, in which there has been no candidate of the party nominated at the primary. In substance, they argue that the subsection should be interpreted as if it read as follows:

"Nothing in *the primary election law* shall prevent any political party from offering a candidate for election for such judicial offices under the device of the party, *if a candidate of such party has not been nominated at the primary election.*"

Concededly, the subsection as it appears in the revised statutes is ambiguous. Accordingly, reference may be had to legislative history for the purpose of resolving the ambiguity or for the purpose of applying the rules of construction relating to repeal by implication. KRS 446.130; Fidelity & Columbia Trust Co. v. Meek, 294 Ky. 122, 171 S.W.2d 41.

The provisions which appear in the revised statutes as KRS 119.070 originally were enacted, by Chapter 99 of the Acts of 1920, in the form of an amendment to Section 1550–6 of Carroll's Statutes, which section set forth in detail the requirements for notification and declaration to become a candidate for nomination to any office at a primary election (see now KRS 119.050). When first introduced, the legislative bill proposed to add to Section 1550–6 only the provisions that now appear as the first three subsections of KRS 119.070. However, when the bill came up for passage in the House of Representatives, an amendment was adopted, *adding to Section 1550–6* the following paragraph:

"Provided, that nothing in this law shall prevent any party from offering a candidate for election under such party's device, if the governing authorities of such party in the district affected so order."

It will be observed that this paragraph was not in terms limited to *judicial offices,* but was broad enough to encompass all offices. Since it was added to the end of an existing statute section that did apply to all offices, it very well could have been intended to have such broad application. The mere fact that it followed several paragraphs dealing only with judicial offices does not mean that it was limited also to judicial offices, particularly since it was not a part of the original bill, and, more significantly, was not inserted in the preliminary portion of the bill where, before setting forth the section at length as amended, the bill quoted the new provisions proposed to be added concerning judicial candidates.

If, as well may be, the subsection in question, as originally enacted, was intended to apply to all offices, it appears reasonably clear that it was repealed by implication by the 1936 amendment to Section 1550–5 of Carroll's Statutes (see now KRS 119.020), which states positively and in unequivocal terms that no major political party shall have any power to nominate any candidate for any elective office or to provide any method of nominating candidates for any elective office other than by primary election, with the exception that if a vacancy occurs in a nomination made by primary, after the primary, the governing authority of the party may provide for filling the vacancy.

If it be assumed, on the other hand, that the subsection was intended to be limited to judicial offices (as did the statute revisers), then two reasons appear why it does not have the meaning contended by the appellants. The first reason is that the subsection does not in anything approaching clear terms state that it applies only where no nomination was made at the primary. The second reason is that the construction advanced by the appellants would be wholly contradictory of the philosophy and spirit of the primary election law, and particularly of the provisions for nomination of judicial officers, which are designed to minimize the political party influences. At no time in the entire history of primary election laws in Kentucky has there been any concept of authority in a political party to

propose a candidate for the first time after the primary has been held.

We come to the inevitable conclusion that the intent of the subsection in question is so obscure that any effort to ascribe some rational meaning to it would be based solely upon conjecture. The applicable rule, as stated in Folks v. Barren County, 313 Ky. 515, 232 S.W.2d 1010, 1013, is:

"* * * where the law-making body, in framing the law, has not expressed its intent intelligibly, or in language that the people upon whom it is designed to operate or whom it affects can understand, or from which the courts can deduce the legislative will, the statute will be declared to be inoperative and void. * * *"

We think the trial court correctly held that the purported nomination of Burke was invalid.

The judgment is affirmed.

BIRD, J., dissenting.