Henry H. CARTER, Secretary of State of the Commonwealth of Kentucky, Appellant,

v.

Rex HENRICKSON, Appellee.

Court of Appeals of Kentucky.

Oct. 5, 1962.

---

John B. Breckinridge, Atty. Gen., Walter C. Herdman, Asst. Atty. Gen., Frankfort, for appellant.

Ben B. Fowler, Dailey & Fowler, Frankfort, for appellee.

STEWART, Chief Justice.

Appellant, Henry C. Carter, Secretary of State, on advice of the Attorney General, declined to certify appellee's name to the county clerks of the Seventh Congressional District as a candidate in the coming general election for the House of Representatives of Congress on an independent ticket.

In an opinion the Attorney General claimed appellee's petitions, filed pursuant to KRS 118.080(2), failed (a) to nominate him for any office; and (b) to designate specifically the district to be represented.

The trial court held the petitions valid, and this appeal is from that ruling.

KRS 118.080(2) provides that 400 electors who are qualified to vote for him as a candidate may nominate by petition "a representative in Congress from any Congressional district." This statutory subsection does not, in terms, require exactness in naming the office sought.

It was stated in the petitions—there were quite a number signed and filed—that appellee was nominated as a candidate for the "office of United States Congress." It is contended by the Attorney General that the real title of the office is "House of Representatives" (see Article 1, Section 1 of the Constitution of the United States), and to undertake to describe it as the "office of the United States Congress" is to refer to something that does not exist. We are unable to agree with such an argument.

The words "office of United States Congress" or "Congressman" are so often used by the general public interchangeably with the phrases House of Representatives or Representative that they are ordinarily taken to be synonymous. The man on the street has no trouble in recognizing that any of these expressions refer to a member of the lower branch of the United States Congress. Therefore we believe the designation employed in the petitions could leave no doubt in the mind of any one as to the office for which appellee was a candidate.

Each of the petitioners identified himself, following his signature, as a resident of a particular county, and each stated specifically he was legally qualified to vote for the candidate for election to the "office of United States Congress." KRS 120.-060 divides the counties of Kentucky into congressional districts, and names the counties contained in each district. Every

county named on the face of each petition is a county included in the Seventh Congressional District. The petitioners are not legally qualified to vote for any candidate for the House of Representatives other than one to represent that district, and this fact is clear from all of the petitions. Thus, the office sought is fairly and accurately deducible from the language of the petitions.

"It is a fundamental principle", as was said in Queenan v. Mimms, Ky., 283 S.W. 2d 380, "that the courts will construe election statutes liberally in favor of citizens whose right to choose their public officers is challenged." That case also held that a good faith purpose to nominate a candidate for public office should be recognized unless "the plain or manifest purpose of the law" demands a decision invalidating the petition. There is no such demand here.

Wherefore, the judgment is affirmed.

MONTGOMERY and BIRD, JJ., dissent.