**James B. STEPHENSON, Appellant,**

v.

**T. M. RIDDLE, Clerk Pike County Court, et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 25, 1963.

William A. Johnson, Paintsville, F. Dale Burke, Pikeville, for appellant.

E. Lawson King, George E. Barker, Lexington, for appellees.

CULLEN, Commissioner.

At this year's primary election in Pike County, James B. Stephenson received the Democratic nomination for the office of Circuit Judge of Pike County, *Division No. 1,* and B. B. Followay received the Republican nomination for that office. F. Pierce Keesee had sought the Democratic nomination for Circuit Judge, *Division No. 2,* but was defeated. Some time after the primary Followay withdrew as a candidate. Thereupon the county committee of the Republican party, under purported authority of

KRS 119.020(3), designated Keesee as the Republican nominee for Circuit Judge, *Division No. 1*. Stephenson then brought this action seeking to enjoin the county clerk from placing Keesee's name on the ballot. The trial court entered judgment dismissing the complaint, from which judgment Stephenson has appealed.

We think the controlling question is whether KRS 119.020(3) authorized the designation of Keesee to fill the vacancy in the Republican nomination. The statute says:

"If a vacancy occurs in a nomination made by primary, after the primary and before the ballots are printed for the regular election, the governing authority of the party may provide for filling the vacancy. * * *"

The statute does not, in terms, exclude anyone, by reason of lack of party membership or otherwise, from being named to fill a vacancy in a nomination. However, in Francis v. Sturgill, 163 Ky. 650, 174 S.W. 753, it was held that this statute must be construed in the light of the basic purposes and objects of the primary election law, and as so construed the statute did not permit a vacancy in a nomination to be filled by a person who had been a candidate at the primary for a nomination by the other party.

Keesee maintains that the reasoning of the Sturgill case is not applicable to a judicial office, because under KRS 119.070 a person may seek and receive a party nomination without his being a member or adherent of that party, and even though he is an avowed supporter of the other party. In our opinion, however, there is more reason to apply the Sturgill reasoning to a judicial office. The plain purpose of the nonpartisan (or bipartisan) judicial nomination statute, KRS 119.070, is to *minimize* partisan political influences in judicial elections. To permit a defeated candidate for one party's nomination to be picked up and nominated by the other party to fill a vacancy in its nomination would *magnify* the partisan political influences. It would permit a party to use the nomination for a judicial office as a divisive stratagem in the races for other offices, by creating an internecine struggle in the ranks of the other party.

As said in the Sturgill case, 174 S.W. 756, 757, the method here employed of making a nomination "is not consonant with good faith or fair dealing" and to approve it "would utterly defeat the object designed in the enactment of the primary election law and make of it a farce."

It is our conclusion that Keesee's nomination under the circumstances of this case was not within the authority of KRS 119.-020(3).

The right of Stephenson to maintain this action is sustained by Smith v. Corum, 308 Ky. 397, 214 S.W.2d 599, and Burke v. Stephenson, Ky., 305 S.W.2d 926.

The judgment is reversed with directions to enter judgment enjoining the county court clerk from placing Keesee's name on the ballot as a candidate of the Republican Party for the office of circuit judge.

MONTGOMERY, J., dissenting.

BIRD, J., not sitting.