**S. H. FLETCHER, Appellant,**

v.

**Curry TEATER et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 4, 1974.

Robin Griffin, Miller, Griffin & Marks, Lexington, for appellant.

Ben K. Wilmot, Stanford, William Hill Mackey, Nicholasville, for appellees.

PALMORE, Chief Justice.

In Fletcher v. Wilson, Ky., 495 S.W.2d 787, decided June 1, 1973, and hereinafter mentioned as the first Fletcher opinion, it was held that a voter who is qualified to vote for the nomination in issue can maintain a pre-primary action challenging the right of a purported candidate to have his name appear on the ballot.

On a second appeal in the same case, Fletcher v. Wilson, Ky., 500 S.W.2d 601, decided October 12, 1973, it was held that the pre-primary nominating papers of James R. Davis for the office of magistrate of the Marble Creek District in Jessamine County were legally insufficient and, perforce, that his subsequent nomination in the Democratic primary election was invalid. Thereafter, on October 16, 1973, the executive committee of the Democratic party for Jessamine County filled the vacancy by nominating Davis, cf. KRS 119.020, and at the general election held on November 6, 1973, he received 178 votes to 14 write-in votes cast for S. H. Fletcher, the appellant herein.

On November 21, 1973, Fletcher brought this action in the Jessamine Circuit Court

against Davis and the members of the Jessamine County Board of Elections alleging that the nomination and election of Davis were void because (1) the mandate of this court following disposition of the second appeal of Fletcher v. Wilson had not been released until November 12, 1973, cf. RCA 1.340, hence there was no vacancy in the nomination at the time the committee purported to fill it, and (2) in acting to fill the vacancy, if there was one, the committee had failed to comply with the party rules of procedure. Fletcher demanded that he be declared the winner of the election or, in the alternative, that the office be declared vacant. He appeals from a judgment dismissing the complaint on defendants' motion and without an evidentiary hearing.

In the course of its first Fletcher opinion this court undertook a thorough analysis of its previous decisions dealing with how, when and by whom actions can be maintained to contest the right of purported candidates for public office to have their names placed upon the ballots in both primary and general elections. Repeatedly the opinion refers to a policy "that even in a proper contest suit, by a defeated candidate, questions should not be permitted to be raised as to the right of a person to be placed on the ballot as a candidate because such questions should be decided before the voting takes place," 495 S.W.2d at page 792, "that the real basis of the holding in the group of cases just above cited is that *eligibility* of a candidate for *nomination* or *election* should under the policy hereinbefore mentioned be determined before the voting takes place," 495 S.W.2d at pp. 792–793, and "that questions related to the placing of the candidate's name on the ballot should be determined before the voting," 495 S.W.2d at p. 793.

The first Fletcher opinion acknowledges the inconsistency between this broad policy and several earlier decisions permitting postelection contests addressed to the formal or technical entitlement of a person to have his name placed on the ballot as distinguished from his basic eligibility to be a candidate, 495 S.W.2d at p. 793, and it observes that apparently the inconsistency is attributable to an assumption that a candidate cannot maintain a pre-general election suit challenging the right of an opposing candidate to appear on the ballot. *Ibid.*

■ Deducing from the rationale of Stewart v. Burks, Ky., 384 S.W.2d 316 (1964), that there is no longer a valid foundation for the latter assumption, the first Fletcher opinion goes on to suggest "that the door may have been opened to pre-general election suits (within limitations hereinafter discussed) by *candidates* also, because there would seem to be no valid reason for denying a voter the right to bring the suit simply because he is also a candidate. Thus, there are indications that the policy, that questions of the right of a candidate to be on the ballot should be decided before the voting takes place, could be extended so as to preclude postelection contests of general elections on such grounds. (We do not so decide, however, because the decision of that question is not essential in the instant case.)"[1]

■■ Under Stewart v. Burks, Ky., 384 S.W.2d 316 (1964), Fletcher had standing as a voter to maintain a pre-election suit challenging Davis' right to appear on the ballot pursuant to the committee nomination. Perhaps he could have done so even if he had been an opposing candidate, but we need not consider that in this case. The sense of the matter is that the voting public ought not to be duped or confused

---

1. Further along in the opinion it is pointed out that the candidate of one party may not question the validity of a certificate of nomination issued to the candidate of another party pursuant to a partisan primary election. 495 S.W.2d at p. 794. This rule, however, does not preclude such an action when the opponent's nomination has been received in another manner. See Stephenson v. Riddle, Ky., 371 S.W.2d 871 (1963); Burke v. Stephenson, Ky., 305 S.W.2d 926 (1957); and Smith v. Corum, 308 Ky. 397, 214 S.W.2d 599 (1948).

by the appearance on the ballot of the name of a person who has no right for it to be there, and if it was open to a legal challenge before the election there can be no relief in an action brought thereafter by one who could have acted earlier.

We recognize that the law on this subject partakes of a labrynthian morass, if there could be such a phenomenon. It may be conceded also that what was said in the first Fletcher opinion on the subject of general elections is, technically, dictum. But opinions are written for the purpose of assisting lawyers and courts in the practice and disposition of future cases. The first Fletcher opinion clearly and unmistakably marks out the path to be followed in this one. We hold that the right of Davis to have his name appear on the ballot in the general election was not subject to this postelection contest and that the complaint was properly dismissed.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, JONES, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.