## Dyer v. Pauley Jail Building Company.

(Decided September 28, 1911.)

### Appeal from Knox Circuit Court.

Action for Personal Injuries—Evidence—Master and Servant.—In an action for injuries sustained while tearing down an old building there being no evidence to show that the construction company doing the work knew of any danger connected with it that was not known to the appellant, or which by the exercise of ordinary care could not have been known to him, he is not entitled to recover.

BLACK, BLACK, GOLDEN & OWENS for appellant.

POWERS, SAMPSON & SMITH for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

The Pauley Jail Building Company contracted with the Fiscal Court of Knox County to build a new jail for said county upon the site of the old one. In the prosecution of this work the company was represented by J. J. Lankford. He employed seven or eight men in the capacity of day laborers to tear down the old jail building, clear the ground, and prepare for the new structure.

He also employed William Dyer as a foreman to assist in looking after the prosecution of the work. While engaged with the other laborers in tearing out the sheet iron sides and floor of the old building, William Dyer alleges that he was injured by being struck on the leg and ankle by a piece of iron siding. Conceiving that his injury was the result of the negligence of the construction company, he instituted a suit wherein he sought to recover damages in the sum of $2,000. The company denied liability, and pleaded affirmatively that the injury, if any, was the result of an assumed risk. A trial was had, resulting in a verdict in favor of the company. The plaintiff appeals and seeks a reversal upon two grounds: First, error of the court in admitting incompetent evidence; and second, error in instructing the jury.

The evidence complained of as incompetent is that given by Lankford, to the effect that the county judge and members of the fiscal court, constituting the building committee, directed that the new building be placed upon the site of the old jail, thus necessitating tearing down that building; and further, that said committee had, under the contract, the right to supervise the building and see that the kind and character of material called for in the specifications was used. We are unable to see wherein this testimony was in any wise prejudicial to appellant. His right to recover is made, under his pleadings, to rest solely upon the question as to whether or not the defendant company was negligent in the discharge of any duty it owed him. None of the evidence complained of could by any possibility be construed as in the least tending to relieve the company of this duty. And hence, while it may not have been pertinent, it was not prejudicial.

There is a conflict in the testimony of the witnesses as to whether or not appellant was injured by the falling iron. But, even if it be conceded that he was, it was for the jury to determine whether, under the facts, the company was liable. According to appellant's theory, the injury occurred in this way: The iron roof of the cell had been removed. Some of the men were engaged in cutting the rivets which held the sides together, while others, including appellant, were engaged in tearing up the sheets of iron from the floor. All of the bolts having been cut and the rivets driven from their places in the iron sheeting on one side of the cell, a strip thereof,

some seven feet long and from four to six feet wide, fell toward the center of the cell, and in its fall caught one of the workmen under it, and, appellant alleges, struck his leg.

For the appellee it is insisted that, even if the injury occurred in this way, it is not liable, for, in accepting employment of this character, appellant assumed the risk incident thereto. It was impossible for the appellee to furnish him a safe place to work, for the very work that was being undertaken rendered the place unsafe. Appellant must have known, and did know, that when the bolts were cut and the rivets driven from their places the pieces of sheet iron were liable to and naturally would fall.

A similar question was before this court in Ballard & Ballard Co. v. Lee's Admr., 131 Ky. 412, where an effort was made to recover damages for an injury resulting to an employee while engaged in work of this character. There this court quoted from Thompson on Negligence, sec. 3979, as follows:

"The work of tearing down an old building is necessarily attended with dangers, which arise in the progress of the work, and which the master cannot always anticipate and provide against. Therefore it has been held that the rule which makes it incumbent upon the master to provide his servant with a safe place within which to work does not apply in such situation, though it is conceded to be the duty of the master not to send his servants into a place which he knows to be dangerous without apprising them of the danger. * * * In the destruction of a building there is no attempt or obligation on the part of the master to make it secure; but, on the contrary, the work of removal is one which in turn each part of the structure becomes insecure."

The court further said:

"Applying these principles to the facts of this case, our conclusion is that Lee assumed the ordinary risks incident to the employment, and that Ballard & Ballard Company were not liable unless they failed to warn him of defects or dangers known to them, and which he could not, by the exercise of ordinary care, have discovered."

To the same effect are Wight v. Cumb. Telph. & Telgh. Co., 137 Ky. 299, and L. & N. R. R. Co. v. Boone, 138 Ky. 700.

This case is controlled by the principle announced in those cases, and there being no evidence whatever in the record showing that appellee knew of any danger connected with the work of tearing down the old jail which was not known to appellant, or which by the exercise of ordinary care could not have been known to him, appellant was not entitled to recover. The instructions were as favorable to him as he was entitled to have them, and presented fully and fairly the issue as made by the pleadings and warranted by the facts proven. Appellant admits in his testimony that he was employed as foreman, and consequently it must have been with the idea and understanding on the part of his employer that he was qualified to do the work and render the service for which he was being employed. It is true he says he was unfamiliar with this character of work, but it was so simple and free from complications that it is difficult to see how when he had been a mechanic, engaged in assisting in erecting buildings, he could fail to appreciate the danger connected with the work of tearing down the sides and taking out the floor of the old jail building. He had been present when the rivets were taken out of the ceiling and had seen it drop to the floor when this work was done. He knew and understood the purpose for which the bolts or rivets were being taken from the sides of the cell, and must have known that, when they were all removed, the sides, if unsupported, would fall. Undoubtedly he did know this, and the jury either accepted the appellee's theory, that he was not struck by the falling sides at all, or else, that if he was the injury resulted from a risk which he assumed. In either event the verdict was justified, and, perceiving no error in the conduct of the trial, the judgment is affirmed.