# Logan's Administrator v. Sherrill-King Mill & Lumber Company.

(Decided October 15, 1914.)

## Appeal from McCracken Circuit Court.

Master and Servant—Assumed Risk—Contributory Negligence.— Where a servant of mature years and ample experience, was drowned by falling from a log in a boom at which he was engaged, the master is not to be made liable in damages, as the servant will be deemed to have assumed the risk of accident while engaged in work, the dangers of which he was fully acquainted with.

CAMPBELL & CAMPBELL for appellant.

BERRY & GRASSHAM for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In this suit by the administrator of Gus Logan against the appellee to recover damages for the death of his intestate, there was a trial before a jury and a verdict for the appellee, followed by this appeal.

It is complained that the verdict was flagrantly against the evidence and that the instructions on assumed risk and contributory negligence should not have been given.

The deceased was a man of about forty-five years of age at the time of his death and had been working for the lumber company a great many years. The mill of this company was situated on the bank of a river, and it had a boom in the river in which logs were put, which were hauled as needed from the boom to the mill on a tramway. On the day he was drowned the deceased went out on the logs in this boom for the purpose of pushing them as needed towards the little tramway car that hauled them to the mill. There was in the boom at this time a large number of logs, all of them loose and close together, and the deceased was walking about on these logs, shoving them with a pole to the tramway at the edge of the water. He had been engaged in this particular business some three hours before his death.

These logs being loose and detached from each other, were of course liable to turn, and it seems that in walking about or standing on them, one of them did turn, thereby throwing the deceased into the river. There is some dispute as to whether he was ordered to do this

work by the foreman at the mill or did it voluntarily, but we do not consider this as material. In our opinion, the company was not liable in either event.

The evidence does not show that the deceased had ever done this particular work before, but the mill, at which he had worked practically all his life, was immediately on the bank of the river. He had seen logs in the boom time without number and had seen the mill hands day after day do just what he was doing when he met his death. There was nothing complicated about it. He of course knew the logs were loose, and he must have known that a loose log was liable to turn and precipitate him into the water. A man of his age and experience, backed up by years of knowledge as to how the logs were put in the boom and taken out of it, did not need any notice or warning. There was nothing to give notice or warning of which he did not have equal if not better notice than any person about the mill.

His death was the result of an accident and was not in any way the fault of his employers. Under the evidence, the court might have very well given a peremptory instruction, but in place of doing this, he submitted the case to the jury under instructions too favorable to the plaintiff. The jury, in finding a verdict for the defendant, evidently concluded from the evidence that no blame could be attached to the lumber company.

We think their finding was correct, and affirm the judgment.