Alvin STINNETT, Jr., Appellant,

v.

Earl S. BUCHELE, Appellee.

Court of Appeals of Kentucky.

April 11, 1980.

Harry L. Mathison, King, Deep & Branaman, Henderson, for appellant.

Danny E. Darnall, Stone & Darnall, Brandenburg, William P. Hurley, Jr., Louisville, for appellee.

Before BREETZ, HOWERTON and REYNOLDS, JJ.

BREETZ, Judge.

This is a tort action filed by an employee against his employer for injuries sustained during the course and scope of his employment. The lower court granted summary judgment to the employer on the ground that there was no showing that the injury was caused by the negligence of the employer. We affirm.

The accident which gave rise to this suit was also the subject of a workmen's compensation claim. The Workmen's Compensation Board denied benefits because the employee, being employed in agriculture, was exempt from the coverage of the Workmen's Compensation Act. We have today, by separate and non-published opinion, affirmed the board in that regard.

The only evidence in this record is copies of proof taken in the workmen's compensation proceeding. We find no order permitting their filing. We likewise note that neither party objected to such procedure and that the lower court considered the copies as proof in this action. Accordingly, we will consider the evidence taken in the workmen's compensation proceeding as though it had been taken by agreement in the tort action.

Earl S. Buchele is a practicing physician in Hardinsburg, Kentucky. He hired Alvin Stinnett as a farm laborer in January 1976. In September of that year Mr. Stinnett undertook to repair the roof on a barn located at one of Dr. Buchele's farms known as the Cloverport Farm. The repairs were to consist of nailing down the edges of the roof that had been loosened by the wind and painting the roof with a coating. Stinnett was severely injured when he fell from the roof while applying the coating with a paint roller.

Stinnett urges in his brief to this court that Dr. Buchele was negligent for failing to comply with occupational and health regulations and also for his failure to provide a safe place to work. Dr. Buchele denies both of those assertions, and, additionally, argues that Stinnett was contributorily negligent as a matter of law. We do not reach the issue of contributory negligence.

The only regulations alleged to have been violated by Dr. Buchele are those adopted[1] by the Kentucky Occupational Safety and Health Standards Board and codified in 29 CFR § 1926.105 which provide:

1. 803 Kentucky Administrative Regulations (KAR) 2:030.

(a) Safety nets shall be provided when work places are more than 25 feet above the ground . . .

(b) When safety net protection is required by this part, operations shall not be undertaken until the net is in place and has been tested.

An examination of both 29 CFR § 1926.-105 and 803 KAR 2:030 shows that the cited regulations are applicable only "in the area of construction". Even if we were to assume, which we do not, that these regulations were applicable to this particular repair job, we are confronted with KRS 338.-021(2) which states:

Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any manner the common-law or statutory rights, duties, or liabilities of employers or employes, under any law with respect to injuries, diseases, or death of employes arising out of, or in the course of employment.

The federal Occupational Safety and Health Act contains a section [2] identical to the quoted section of the Kentucky act. Courts have uniformly stated that a violation of a regulation promulgated under the federal act does not give rise to an independent tort action by the employee against his employer. *Russell v. Bartley*, 494 F.2d 334 (6th Cir. 1974); *Jeter v. St. Regis Paper Co.*, 507 F.2d 973 (5th Cir. 1975); *Federal Employees for Non-Smokers' Rights v. U. S.*, 446 F.Supp. 181 (D.C.D.C., 1978); *Dekle v. Todd*, 132 Ga.App. 156, 207 S.E.2d 654 (1974). Accord, *Mosley v. U. S.*, 456 F.Supp. 671 (D.C.Tenn.1978). We hold, therefore, that Dr. Buchele's violation, if any there was, of either section (a) or (b) of 29 CFR § 1926.105 does not grant a cause of action to Stinnett because of KRS 338.021(2). We do not find *Rietze v. Williams*, Ky., 458 S.W.2d 613 (1970) and similar cases cited by appellant to be appropriate as they do not involve a statute such as KRS 338.021(2). ■ Nor do we find any evidence to be submitted to the jury that Dr. Buchele was negligent in failing to provide Stinnett with a safe place to work. We agree with Stinnett when he states that Dr. Buchele had the obligation to furnish him:

. . . a place reasonably safe having regard for the character of work and reasonably safe tools and appliances for doing the work. The measure of duty is to exercise ordinary or reasonable care to do so. The standard is the care exercised by prudent employers in similar circumstances. *Happy-Scuddy Coal Co. v. Combs*, 310 Ky. 52, 56, 219 S.W.2d 968, 970 (1949).

We also agree with the sentence immediately preceding the quotation from that same opinion: "An employer's obligation to its employee is not the frequently impossible duty of furnishing absolutely safe instrumentalities or place to work."

Although we may consider that painting a barn roof is dangerous work, we cannot say that Dr. Buchele can be held liable for failing to provide a safe place to work solely because he asked Stinnett to work on the roof. *Dyer v. Pauley Jail Building Co.*, 144 Ky. 592, 139 S.W. 789 (1911); *High Splint Coal Co. v. Baker*, 247 Ky. 426, 57 S.W.2d 60 (1932); *Skinner v. Smith*, Ky., 255 S.W.2d 621 (1953). We hold, therefore, that there was no showing of any negligence on the part of Dr. Buchele arising solely out of the fact that he had asked Stinnett to paint the barn roof.

Stinnett next argues from *Louisville & Jefferson Co. Bd. of Health v. Mulkins*, Ky., 455 S.W.2d 849 (1969) that a reasonable and prudent employer would have provided safety devices of some kind even though not required to by force of statute or regulation and that the question whether Dr. Buchele measured up to the standards of an ordinarily careful and prudent employer is one for the jury. We do not consider the *Mulkins* case as requiring a jury to determine whether or not the employer was negligent in every employee-employer suit premised upon an allegation that the employer failed to meet the standards of a reasonable and

---

2. 29 U.S.C. § 653(b)(4).

prudent employer. The liability of the employer:

> . . . rests upon the assumption that the employer has a better and more comprehensive knowledge than the employees, and ceases to be applicable where the employees' means of knowledge of the dangers to be incurred is equal to that of the employer. 53 Am.Jur.2d, *Master and Servant*, § 160.

Stinnett had been in the painting business with his brother-in-law for two years before he began working for Dr. Buchele. Although the record is not clear whether Stinnett, his brother-in-law or both did the painting, they did paint a church steeple and an undetermined number of barn roofs. On occasion safety belts and safety nets had been used while painting the barn roofs. Stinnett was injured on a Sunday. Dr. Buchele was not present and he did not know that Stinnett was going to work on the barn roof on that particular day. Dr. Buchele had, however, purchased the material that Stinnett was applying to the roof when he fell. Stinnett did not ask Dr. Buchele to procure a safety net nor did he check to see if one was available. He admitted he could have used a safety rope around his waist but he did not think any were available.

In *Logan's Admr. v. Sherrill-King Mill & Lumber Co.*, 160 Ky. 295, 169 S.W. 707 (1914) an employee was walking across logs which were floating in a river when one turned causing him to fall and drown. The court, after noting that he knew that a loose log could turn and throw him into the water, absolved the employers of negligence stating that his death "was the result of an accident and was not in any way the fault of his employers". More recently, in *Skinner v. Smith*, 255 S.W.2d 621, 622 (1953), we were told:

> Appellee was an experienced miner who had created a dangerous condition and subjected himself to the danger. We find no proof in the record that establishes any negligence on the part of appellant, but, rather, the evidence shows either inevitable accident or negligence on

the part of appellee. In *Ward v. Marshall,* 293 Ky. 18, 168 S.W.2d 348, 350, it was said:

> 'The employer is not the insurer of the safety of the employee. *Howard v. Southern Harlan Coal. Co.*, 287 Ky. 228, 152 S.W.2d 613. But the employer is not denied the opportunity of bringing forth evidence to show an absence of negligence on his part and also evidence to the effect that the employee's own negligence caused his injury. Where no negligence of the employer is shown, the evidence of negligence of an employee does not fall in the category of contributory negligence, but rather it shows primary negligence on his part, since there was an absence of negligence on the part of the employer. Contributory negligence implies the existence of negligence on the part of the defendant.'

In short, we find no evidence of negligence on the part of Dr. Buchele to submit to a jury.

All concur.