Alfred FARMER and Jerri Ann Farmer, Appellants,

v.

Maurice HEARD, Appellee.

No. 91–CA–001802–MR.

Court of Appeals of Kentucky.

Aug. 7, 1992.

Discretionary Review Denied by Supreme Court Feb. 11, 1993.

Lucius P. Hawes, Hopkinsville, for appellants.

Quinten B. Marquette, Timothy L. Edelen, Bowling Green, for appellee.

Before DYCHE, McDONALD and SCHRODER, JJ.

SCHRODER, Judge.

This is a tort action filed by a farm employee against his employer, the farm owner, for injuries sustained during the course of his employment. The trial court dismissed the employee's negligence claim by summary judgment on the ground that there was no showing that the injury was caused by the negligence of the employer. We affirm.

The material facts in this case are not in dispute. Alfred Farmer, appellant ("Farmer"), commenced this tort action in Warren Circuit Court against his employer, Maurice Heard ("Heard"). Heard, appellee, is a self-employed farmer who operates his own farm. Farmer was employed and worked on Heard's farm from November 1, 1988 through June 1, 1989. During his seven-month employment, Farmer's job involved feeding and moving hogs, which included loading and unloading a feed wagon [1] on a daily basis.

The day before the accident, Farmer had left the feed wagon attached to a tractor to be automatically loaded with feed during the evening. The following morning, June 1, 1989, Farmer returned to find the wagon loaded but unhitched from the tractor. A co-employee, Mr. Bratcher, while attempting to hitch the wagon to the tractor, struck the tongue of the wagon with the tractor draw bar causing the wagon to tip backward and rest on its back end in a stationary position. In an attempt to sit the wagon upright, Farmer climbed onto the tongue as Mr. Bratcher was lifting from the back of the wagon, but they were unable to set the wagon upright. As Mr. Farmer started to climb down from the tongue of the wagon, he slipped and fell, injuring his knee. Farmer's primary contention was that Heard had a duty to instruct his employees not to disconnect the tractor from the feed wagon when it was loaded. The lower court granted summary judgment to Heard.

On appeal, Farmer contends that the trial court erred in granting summary judgment because a jury could reasonably find that Heard was negligent for failing to instruct his employees about the feed wagon and further, that Heard's alleged negli-

---

1. The feed wagon had four wheels aligned toward the wagon's center and is front weighted so that the tongue would naturally sit down upon a jack located on the front of the wagon when unattached from a tractor. It should also be noted that the wagon being used by Farmer on the date of the accident was of a type designed for the purpose for which it was being used.

gence was a proximate, substantial cause of Farmer's injuries.

■ The standard for granting a summary judgment is set forth in *Steelvest, Inc. v. Scansteel Service Ctr., Inc.*, Ky., 807 S.W.2d 476 (1991), which states that a trial court shall not render a summary judgment if there is any issue of material fact and it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor. Viewing the evidence in the strongest possible light in favor of the appellant, Farmer, we conclude there is no genuine issue as to any material fact and that the trial court's summary judgment was correct.

■ This Court held in *Stinnett v. Buchele*, Ky.App., 598 S.W.2d 469 (1980), that an employer is only under a duty to furnish an employee a reasonably safe place to work and is not an insurer of the employee's safety. This Court further stated that the liability of an employer:

> [R]ests upon the assumption that the employer has a better and more comprehensive knowledge than the employees, and [the employer's liability] ceases to be applicable where the employee's means of knowledge of the dangers to be incurred is equal to that of the employer.

*Id.* at 472 citing 53 Am.Jur.2d *Master and Servant* § 160.

■ In the case at bar, it is uncontroverted that Heard was not on the premises when the incident occurred, was not operating the tractor which caused the wagon to tip backward, nor did he instruct Farmer to climb upon the tongue of the wagon. Farmer also was familiar with the wagon, and stated that the wagon was in good working order and had no defects. More importantly, however, the evidence shows Farmer was not injured when the wagon tipped backward, but rather as Farmer concedes, it was his voluntary act that led to his fall and resulting injuries. Consequently, we believe it was Farmer, not his employer, Heard, who was in a better position to appreciate that if he slipped and fell from the stationary feed wagon, an injury might result.

Farmer further argues that *Taylor v. Kennedy*, Ky.App., 700 S.W.2d 415 (1985), controls the outcome of the case at bar. In *Taylor, supra*, decomposed silage had been allowed to accumulate on the steps of a silo and plaintiff alleged that this hazard directly caused him to slip and fall. In that case, due to conflicting testimony, the jury could determine if the employer was negligent for allowing the silage to remain, as it could be the cause of the injury. In the case sub judice, however, there was no hazardous situation which injured Farmer. Farmer was not injured due to the wagon being unsteady or when the wagon tipped backwards, and there was no foreign matter on the wagon tongue to contribute to the hazard. Farmer created his own hazard when he climbed up on the tongue of the wagon, admittedly knowing that he had manure on his shoes, and fell from the wagon.

We further agree with the lower court that an unhooked wagon or a wagon in an upturned position does not present any hidden danger, but even if it did, since any danger was obvious under the facts of this case, Heard cannot be held liable since Farmer voluntarily exposed himself to such danger. *Rubel v. Stone*, Ky., 430 S.W.2d 140 (1968). Accordingly, we conclude Heard did not breach any duty and cannot be held responsible for an injury resulting from Farmer's voluntary action which created his own hazard.

Assuming arguendo that Heard had breached some duty to warn fellow employees as Farmer alleges, we believe Heard's failure to instruct would nonetheless be too remote to constitute the proximate cause of Farmer's injury. *See, Peak v. Barlow Homes, Inc.*, Ky.App., 765 S.W.2d 577 (1989). Before Farmer fell from the wagon tongue, the wagon was unhooked by another employee. Thereafter, the wagon was struck and tipped backwards by yet another co-employee. Only then did Farmer decide to climb on the wagon tongue with manure on his shoes and fail to hold on while stepping down. Given the chain of events outlined above, we conclude any alleged failure to instruct was too remote

and was not the proximate cause of Farmer's injuries.

Since we have concluded as a matter of law that Heard breached no duty and there is no proximate cause between Heard's actions or inaction and Farmer's injury, Farmer's remaining issues on comparative negligence and the substantial factor test are moot. Hence, we will not address them.

Therefore, there being no genuine issue as to any material fact, the judgment of the Warren Circuit Court is affirmed.

All concur.