Robert HOPKINS, Appellant,

v.

Robert RATLIFF, Appellee.

No. 96–CA–000064–MR.

Court of Appeals of Kentucky.

Dec. 5, 1997.

Christopher Thomas Ratliff, Pikeville, for Appellant.

William J. Baird, III, Baird, Baird, Baird & Jones, P.S.C., Pikeville, for Appellee.

Before COMBS, DYCHE and HUDDLESTON, JJ.

## OPINION

HUDDLESTON, Judge.

While constructing a roof over a mobile home owned by Robert Ratliff, Robert Hopkins slipped and fell to the ground. He sued Ratliff to recover damages for the injuries he sustained in the fall. Hopkins alleged that prior to his fall, Ratliff invited him to "help and/or assist in the construction and/or application of a new roof to the residence owned by [Ratliff]." Hopkins also averred that Ratliff's failure to maintain his property in a reasonably safe condition led to his fall and resulting injuries. Upon completion of relevant discov ery, Ratliff moved for and was granted summary judgment dismissing Hopkins' complaint. Hopkins appeals.

On July 16, 1994, Hopkins began assisting Ratliff, his first cousin, in constructing a new roof over Ratliff's mobile home. The roof, with a pitch of 7/12, was somewhat steeper than others in the area, where a 4/12 pitch is common. Prior to that date, rafters had been constructed to support the roof, and about half the sheeting had been affixed. Hopkins and Ratliff undertook to place additional sheeting onto the rafters before installing roofing shingles. After working for a short time, Hopkins fell from the roof.

In granting summary judgment, the circuit court ruled that Ratliff did not breach the duty of care owed Hopkins. Based on the evidence then before it, the court observed that Hopkins was an unpaid volunteer assisting Ratliff. Subsequent to the entry of judgment, Hopkins filed a "Motion for Relief from Judgment" in which he contended that new evidence indicated that he was not a mere volunteer, but was instead Ratliff's employee. In denying Hopkins' post-judgment motion, the court said that even assuming *arguendo* that Hopkins was Ratliff's employee, there was no evidence that Ratliff had breached any duty of care he may have owed Hopkins.

At the outset, we are confronted with a procedural issue as to whether this is an appeal from the denial of a Ky. R. Civ. Proc. (CR) 59.05 motion or the denial of a CR 60.02 motion.[1] After summary judgment was entered, Hopkins sought relief from the judgment on the ground that he had newly discovered evidence which would prove that he was Ratliff's employee. In his motion, Hopkins asserted that the judgment should be set aside pursuant to CR 60.02(b), a civil rule that allows a trial court to relieve a party from its final judgment when he proffers "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02." On appeal, Hopkins concedes that his motion for relief from the judgment was actually a motion to vacate the judgment under CR 59.05. Regardless, this appeal is from a summary judgment, and although resolving this issue is not critical to our decision, a brief discussion of the two rules of civil procedure is appropriate.

"A party cannot invoke [CR 59.05] to raise arguments and introduce evidence that could and should have been presented during the proceedings before entry of the judgment." 7 Kurt A. Philipps, Jr., *Kentucky Practice*, CR 59.05, cmt. 6 (5th ed.1995).[2] CR 60.02, on the other hand, authorizes relief from a final judgment based upon newly discovered evidence only if: (1) the evidence was discovered after entry of judgment; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence is not merely cumula-

---

1. Ratliff does not address the issue in his brief.

2. Citing *Buell v. Security Gen. Life Ins.*, 784 F.Supp. 1533 (D.C.Colo.1992), aff'd. 987 F.2d 1467 (10th Cir.1993), cert. denied 510 U.S. 916, 114 S.Ct. 308, 126 L.Ed.2d 255 (1993).

tive or impeaching; (4) the newly discovered evidence is material; and (5) the evidence, if introduced, would probably result in a different outcome. *Id.* at CR 60.02, cmt. 4.[3]

■ The "newly discovered evidence" that Hopkins contends justifies relief from the final judgment is found in the post-judgment affidavit supporting his motion for relief from judgment. Hopkins says that in conferring with his attorney following entry of judgment, he was "shocked to learn that the [circuit court] had found that he [ ] was an unpaid volunteer at the time of the accident." In fact, Hopkins says, he expected to be paid for his work. Furthermore, on the day of the accident, Ratliff offered him $50.00 to compensate him for his services, a sum he refused because he had not completed the work he had agreed to do. Clearly, Hopkins was in a position throughout the course of the proceedings to inform his attorney, and the court, that Ratliff offered to compensate him for the work he performed. The evidence simply cannot be characterized as "newly discovered." Thus, relief was not available to Hopkins under either CR 59.05 or CR 60.02.

■ Even if it is assumed, however, that Hopkins was Ratliff's employee, summary judgment was properly granted to Ratliff. The facts of this case, assuming the employment of Hopkins by Ratliff, are virtually identical to those presented in *Stinnett v. Buchele*, Ky.App., 598 S.W.2d 469, 472 (1980). Dr. Buchele hired Stinnett to repair the roof of his barn. After falling from the roof, Stinnett sued contending that Buchele should have provided him with a safe place to work. Buchele's motion for summary judgment was granted, and Stinnett appealed. This Court affirmed, holding that "there was no showing of any negligence on the part of Dr. Buchele arising solely out of the fact he had asked Stinnett to paint the barn roof." *Id.* at 471. Citing to *Happy–Scuddy Coal Co. v. Combs*, 310 Ky. 52, 219 S.W.2d 968, 970 (1949), the Court said that "[a]n employer's obligation to its employees is not the frequently impossible duty of furnishing absolutely safe instrumentalities or place to work." Instead, the employer must furnish a place reasonably safe having regard for the character of the work, and he must make available reasonably safe tools and appliances for doing the work. The Court, quoting from 53 Am.Jur.2d *Master and Servant* § 160, went on to say that:

> The liability of the employer: "rests upon the assumption that the employer has a better and more comprehensive knowledge than the employees, and ceases to be applicable where the employees' means of knowledge of the dangers to be incurred is equal to that of the employer."

*Stinnett* at 472. *See also Knight v. Seale*, 530 So.2d 821 (Ala.1988).

In this case, as was true in *Stinnett*, the "employee," Hopkins, had more experience in installing roofs than did the "employer," Ratliff. Hopkins, like Ratliff, could see that the roof was steep, yet he voluntarily exposed himself to the danger it presented. He did not ask Ratliff to procure a safety net or safety rope. Neither did he install strips of wood on the sheeting to provide a footing. He had no explanation for his fall other than the roof was steep and he slipped. Hopkins stated that he could not think of anything that Ratliff could have done to prevent his fall. Clearly, Ratliff owed Hopkins a duty to exercise that degree of care ordinarily exercised by prudent employers in similar circumstances. However, there is no evidence that Ratliff failed to exercise that degree of care.

In sum, we agree with the circuit court that as a matter of law Ratliff breached no duty owed Hopkins. *See Farmer v. Heard*, Ky.App., 844 S.W.2d 425 (1992). Consequently, summary judgment dismissing Hopkins' complaint was properly granted. *Steelvest, Inc. v. Scansteel Service Ctr., Inc.*, Ky., 807 S.W.2d 476 (1991); *Holladay v. Peabody Coal Co.*, Ky., 560 S.W.2d 550 (1977). The judgment is affirmed.

All concur.

---

**3.** Citing *Joseph v. Terminix Intern. Co.*, 17 F.3d 1282 (10th Cir.1994), and *F.D.I.C. v. Oldenburg*,

38 F.3d 1119 (10th Cir.1994).