RENDERED:  DECEMBER 23, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-1601-MR

ESTATE OF KAREN BURDEN,
BY MICHAEL HOSKINS,
PERSONAL REPRESENTATIVE                               APPELLANT


                    APPEAL FROM BULLITT CIRCUIT COURT
v.                  HONORABLE RODNEY BURRESS, JUDGE
                    ACTION NO. 13-CI-01276


LAWRENCE HARDISON
AND LINDA HARDISON                                      APPELLEES


                              OPINION
                             AFFIRMING

                         ** ** ** ** **

BEFORE:  GOODWINE, TAYLOR, AND K. THOMPSON, JUDGES.

TAYLOR, JUDGE:  The Estate of Karen Burden, by Michael Hoskins, Personal

Representative (the Estate), brings this appeal from a July 10, 2018, Order of the

Bullitt Circuit Court granting summary judgment for Lawrence Hardison and

Linda Hardison (the Hardisons) and dismissing the Estate's negligence claim. We affirm.

BACKGROUND

Karen Burden (Karen) resided with the Hardisons in their home in Shepherdsville, Kentucky. On June 30, 2013, Karen assisted Lawrence and Linda in collecting brush on their property and assembling it into a large pile. Linda decided to burn the brush pile and poured gasoline on the brush. At her deposition, Linda testified that she poured gasoline on the brush pile, in Karen's presence. Linda also testified that Karen directed her to pour additional gasoline on at least two other spots in the pile. Linda then testified she had left her matches to light the pile at the house which she went to retrieve. Before leaving for the house, Karen suggested to Linda that she could light the pile with her cigarette lighter. Linda testified that she adamantly told Karen not to light the pile with her cigarette lighter and continued walking away. Linda further testified that shortly after telling Karen not to light the pile, Linda heard a "boom" and saw Karen rolling downhill away from the fire. Karen had lit the brush pile with her lighter which exploded. As a result, Karen suffered serious burns and injuries.

On December 20, 2013, Karen filed a negligence action against the Hardisons in Bullitt Circuit Court. The complaint alleged that Karen had no knowledge that the brush had been soaked with gasoline by Linda and that Linda

instructed Karen to light the brush. On December 27, 2013, Karen died. On March 31, 2014, the Estate filed an amended complaint alleging Karen died from her burn injuries.[1]

The circuit court granted summary judgment to the Hardisons by order entered July 10, 2018. By order entered October 18, 2018, the court denied the Estate's Kentucky Rules of Civil Procedure (CR) 59.05 motion to alter, amend, or vacate the summary judgment. This appeal follows.

## STANDARD OF REVIEW

In Kentucky, the standard of review on appeal of a summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citing CR 56.03). "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Ctr, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment is not a substitute for trial. *Id.*

---

[1] Lawrence Hardison and Linda Hardison (the Hardisons) state in their brief that Karen Burden (Karen) died from cancer. The amended complaint filed by the Estate of Karen Burden (the Estate) alleges Karen died from the injuries she sustained from the fire. Record on Appeal at 22. The Estate's appellate brief does not reference a claim for wrongful death or that Karen died from her burn injuries. The order granting summary judgment found that Karen died "from health issues not related to this incident." Record on Appeal at 232.

And, relevant to our review in this appeal as will be discussed, is the sufficiency of evidence presented by a party in opposition to a properly supported motion for summary judgment. Such a motion will not be defeated without the responding party presenting some affirmative evidence establishing that there exists a genuine issue of material fact. *Steelvest*, 807 S.W.2d at 482; *Hubble v. Johnson*, 841 S.W.2d 169, 171 (Ky. 1992). This affirmative evidence must also be admissible. *Walker v. Commonwealth*, 503 S.W.3d 165, 177 (Ky. App. 2016).

ANALYSIS

A. <u>Evidence Admissibility Issues</u>

In responding to the Hardisons' motion for summary judgment, the Estate relied on a videotaped statement by Karen taken under oath on November 18, 2013, prior to the filing of the complaint and Karen's death. The circuit court concluded this was inadmissible hearsay evidence. The Estate also responded to the motion with two recorded statements of neighbors living near the Hardisons who were working nearby when the explosion occurred. The statements were taken by an investigator retained by the Estate. The statements were not taken under oath nor in the presence of counsel. As with Karen's statement, the circuit

court declined to consider these statements, since the witnesses gave no sworn testimony that was part of the record before the court.[2]

The Estate argues that the circuit court erred in failing to consider this evidence to rebut the motion for summary judgment. Accordingly, we will review this issue first.

As for Karen's sworn statement taken prior to the litigation, the Estate appears to concede that her statement was hearsay evidence but argues it is still admissible under the exception set out in Kentucky Rules of Evidence (KRE) 804(b)(1), which reads as follows:

> (1) Former Testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

The Estate contends Karen's statement falls under this hearsay exception because she is unavailable as a witness and the Hardisons' insurance carrier was notified that the statement was being taken and thus, the carrier became the Hardisons' predecessor in interest. What qualifies as a predecessor in interest under Kentucky law is unsettled. However, we need not determine here whether

---

[2] For some unexplained reason, these witnesses had not been deposed during the four-year history of the case.

the Hardisons' insurance carrier was their predecessor in interest because KRE 804(b)(1) applies only to testimony given in a court or similar legal proceeding. When Karen made her statement, there was no pending litigation and, thus, there were no pending legal proceedings at that time. *See* BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "proceeding" as "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment."). Additionally, taking a sworn statement in contemplation of litigation falls outside the usual parameters of testimony admissible under KRE 804(b)(1). *See* TRIAL HANDBOOK FOR KY. LAW § 29:12 (2020 ed.) (noting that "[t]he most common uses of the exception will be the following: (1) the trial and retrial of a single case; (2) the sequential trial of multiple causes of action with common issues of fact, including a civil case and a criminal trial arising from the same transaction; and (3) a preliminary hearing and trial of a criminal charge").[3] Karen's recorded statement does not fall within the hearsay exception.

The Estate also makes a short argument that Karen's statement was a dying declaration, admissible under KRE 804(b)(2). However, this rule also requires the statement to be made in a criminal prosecution, civil action, or legal

---

[3] Neither the Hardisons nor their legal representative were notified of the taking of Karen's sworn statement. The record reflects that the Hardisons' insurance carrier was only notified of the planned statement the day before it was to be given, which would not constitute a "reasonable notice" for a deposition required by Kentucky Rule of Civil Procedure 30.02. Moreover, there is no indication that the Hardisons' insurer was told Karen's statement would be taken orally or under oath.

proceeding, which as previously discussed, did not occur in this case. Likewise, the rule is limited to testimony about the cause or circumstances of the declarant's impending death. The record reflects that Karen died from other medical causes, not from injuries incurred in the explosion. Thus, this exception is not available to the Estate under the facts of this case. *Turner v. Commonwealth*, 5 S.W.3d 119, 121 (Ky. 1999).

Therefore, we agree with the circuit court that Karen's statement was inadmissible hearsay and otherwise not affirmative evidence sufficient to defeat the motion for summary judgment.

As concerns the two unsworn statements by the Hardisons' neighbors, we must emphasize neither statement was given under oath. Furthermore, both statements were taken by an investigator hired by the Estate, without the presence of the Hardisons or their counsel. The statements thus are hearsay and the Estate has not shown that either meets any of the exceptions to the general rule against the admissibility of hearsay evidence set forth in KRE 803 and KRE 804.

Instead, the Estate argues the circuit court's ruling was premature in excluding the statements because the neighbors were willing to testify at trial. However, as the judge noted, the case lingered before the circuit court for more than four years before summary judgment was granted to the Hardisons, which was more than ample time for the neighbors to be deposed. "[A] party responding to a

motion for summary judgment cannot complain of the lack of a complete factual record when it can be shown that the respondent has had an adequate opportunity to undertake discovery." *Cargill v. Greater Salem Baptist Church*, 215 S.W.3d 63, 69 (Ky. App. 2006) (citation omitted). Consequently, the Estate's promise to present admissible evidence later, at trial, is insufficient. Equally important, we must question the relevance of this testimony to rebut the granting of summary judgment since neither neighbor was an eyewitness to the events which led to Karen's injuries, including the explosion. And, neither witness could have offered relevant proof as to any discussions that occurred between Karen and Linda immediately before the explosion.[4] Again, we believe the circuit court correctly excluded the neighbors' statements in considering the summary judgment motion.

B. Premises Liability

We agree with the Estate that the complaint, as amended, sets out a premises liability claim against the Hardisons for alleged injuries sustained by Karen in the burning of the brush pile on the Hardisons' property. However, we do

---

[4] One neighbor, Michael Johnson, meanderingly answered in relevant part as follows when asked if he saw who lit the fire or poured the gasoline: "No sir, the only thing that I heard was that, me and, when I was with me and Glen we just heard a giant explosion from the reprocussion of the lighting the gas and then when we went over there, we looked up and we seen that woman." Record on Appeal at 206. The other neighbor, Glen Flemming, said "I have no idea" when asked if he knew who "dumped the gas" and similarly answered "[n]o, I did not" when asked if he saw Karen light the fire. Record on Appeal at 213.

not agree that the Hardisons' conduct was the reason for Karen sustaining injuries from the fire.

Prior to 2010, the facts of this case would have easily fit into an open and obvious doctrine analysis that would have precluded any liability by the Hardisons to Karen for injuries from the explosion. Under this doctrine, a land possessor could not be held liable to a visitor on his property, regardless of the visitor's status, who was injured by open and obvious dangers that were known to the visitor or otherwise so obvious that the visitor would be expected to discover them. *Rogers v. Prof'l Golfers Ass'n of Am.*, 28 S.W.3d 869 (Ky. App. 2000).

However, the Kentucky Supreme Court has modified the open and obvious doctrine beginning with *Kentucky River Medical Center v. McIntosh*, 319 S.W.3d 385 (Ky. 2010) and its progeny.[5] In *McIntosh*, the Kentucky Supreme Court adopted the position of the RESTATEMENT (SECOND) OF TORTS with respect to open and obvious conditions. That position is stated as follows:

> A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

RESTATEMENT (SECOND) OF TORTS § 343A(1) (1965).

---

[5] *See also Dick's Sporting Goods, Inc. v. Webb*, 413 S.W.3d 891 (Ky. 2013); *Shelton v. Kentucky Easter Seals Soc'y, Inc.*, 413 S.W.3d 901 (Ky. 2013); *Carter v. Bullitt Host, LLC*, 471 S.W.3d 288 (Ky. 2015); and *Goodwin v. Al J. Schneider Co.*, 501 S.W.3d 894 (Ky. 2016).

The Supreme Court further expounded upon its position in *McIntosh* in *Shelton v. Kentucky Easter Seals Society, Inc.*, 413 S.W.3d 901 (Ky. 2013). In explaining the retreat from the open and obvious doctrine, the Court stated:

> Traditionally, the open-and-obvious doctrine stated, "land possessors cannot be held liable to invitees who are injured by open and obvious dangers." As a result, if a plaintiff was injured by an open and obvious hazard, the landowner, regardless of any negligent conduct on its part, had a complete defense to any asserted liability. But, in *McIntosh*, we noted that a growing majority of states has moved "away from the traditional rule absolving, *ipso facto,* owners and occupiers of land from liability for injuries resulting from known or obvious conditions" and, instead, adopted the Restatement (Second) of Torts's approach to allow the jury to assess comparative fault.

*Id.* at 906 (citations omitted).

In *Shelton*, 413 S.W.3d 901, the Supreme Court went on to explain:

> A target for criticism for well over fifty years, the open-and-obvious doctrine persists in our jurisprudence. In *McIntosh,* we took steps to ameliorate the harsh effect of the open-and-obvious doctrine for injured persons seeking recovery. We adopted the *Restatement (Second) of Torts* Section 343A and held that "lower courts should not merely label a danger as 'obvious' and then deny recovery. Rather [the courts] must ask whether the land possessor could reasonably foresee that an invitee would be injured by the danger." According to Section 343A, harm to the invitee is reasonably foreseeable despite the obviousness of the condition "where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious or will forget what he has discovered, or fail to protect himself against it" and, also, "where the possessor has

-10-

reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk." Under this modern approach to cases dealing with open-and-obvious dangers, there is no duty for the land possessor to warn of the dangers; but this "does not mean there is no duty at all[.]" Indeed, "even where the condition is open and obvious, a landowner's duty to maintain property in a reasonably safe condition is not obviated[.]"

. . . [T]he existence of an open and obvious danger does not pertain to the existence of duty. Instead, Section 343A involves a factual determination relating to causation, fault, or breach but simply does not relate to duty. . . .

*Id.* at 907 (citations omitted).

Despite these modifications to the open and obvious doctrine, the Supreme Court has not closed the door to summary judgment in premises liability actions. As explained in *Shelton*, 413 S.W.3d 901, "a court no longer makes a no-duty determination but, rather, makes a no-breach determination, dismissing a claim on summary judgment or directed verdict when there is no negligence as a matter of law, the plaintiff having failed to show a breach of the applicable duty of care." *Id.* at 904. Thus, "when the open-and-obvious doctrine relieves a defendant of liability, it is not because damages are not recoverable as a matter of policy (as the case with contributory negligence). Instead, the defendant is not liable because he has satisfied the standard of care in the given factual scenario." *Id.* at 910.

The Supreme Court further stated in *Shelton* that:

-11-

It is important to emphasize that summary judgment remains a viable concept under this approach. The court's basic analysis remains the same because, on a motion for summary judgment, a court must still examine each element of negligence in order to determine the legitimacy of the claim. But the question of foreseeability and its relation to the unreasonableness of the risk of harm is properly categorized as a factual one, rather than a legal one. This correctly examines the defendant's conduct, not in terms of whether it had a duty to take particular actions, but instead in terms of whether its conduct *breached* its duty to exercise the care required as a possessor of land. If reasonable minds cannot differ or it would be unreasonable for a jury to find breach or causation, summary judgment is still available to a landowner. And when no questions of material fact exist or when only one reasonable conclusion can be reached, the litigation may still be terminated.

*Id.* at 916 (citations and quotation marks omitted). *See also Goodwin v. Al J. Schneider Co.*, 501 S.W.3d 894, 898-99 (Ky. 2016).

In this case, the unrefuted evidence in the record below established that Karen was living with the Hardisons at the time of the accident; that Karen was assisting Linda with placing brush and tree limbs in a huge brush pile on the Hardisons' property; that Karen was present and participated with Linda in pouring gasoline on the brush pile; that Linda specifically warned Karen not to light the brush pile with a cigarette lighter and further told her she was going to light the brush with matches that she was retrieving from the house; and finally, despite the warning, Karen lit the fire with the cigarette lighter, resulting in serious burns and

injuries to Karen.[6]  Based on this evidence, we cannot conclude that the Hardisons breached any duty of care or otherwise acted unreasonably in regard to Karen under the facts of this case.  In fact, Karen participated in creating the dangerous condition on the Hardisons' property that she now complains of.  And, it certainly was not foreseeable that Karen would light the fire with a cigarette lighter after Linda specifically instructed her not to.[7]  In other words, the only reasonable conclusion that can be reached in this case is that the Hardisons were not the legal cause of the injuries suffered by Karen.

As the Supreme Court noted in *Carter v. Bullitt Host, LLC*, 471 S.W.3d 288, 297 (Ky. 2015), "[u]nder the right circumstances, the plaintiffs['] conduct in the face of an open-and-obvious hazard may be so clearly the only fault of his injury that summary judgment could be warranted against him[.]"  We believe these are the right circumstances where summary judgment was warranted. It is beyond dispute that the Hardisons had done everything reasonable under the circumstances to warn Karen not to light the fire.  By acting reasonably, the Hardisons committed no breach and were not at fault for Karen's injuries.  *See id.*

---

[6] The crux of the evidence presented by the Hardisons below in support of their motion for summary judgment comes from the deposition of Linda Hardison.  Her testimony stands unrefuted in the record on appeal before this Court.

[7] The Supreme Court reaffirmed in *Grubb v. Smith*, 523 S.W.3d 409, 419-20 n.11 (Ky. 2017), that "[n]egligent invitees still are not entitled to recover for their own negligence."

at 298-99. *See also Goodwin*, 501 S.W.3d at 900. Thus, the circuit court properly granted summary judgment for the Hardisons.

C. Dangerous Instrumentality Argument

The Estate also argues on appeal that Linda's use of gasoline to burn the brush created a heightened duty of care to take exceptional precautions to prevent Karen's injuries. However, the Estate did not raise this argument before the circuit court in response to the motion for summary judgment. Rather, the Estate raised this issue for the first time in its CR 59.05 motion to alter, amend, or vacate the judgment. This Court has previously held that a party cannot invoke CR 59.05 to present arguments or evidence that should have been raised before entry of the judgment. *Hopkins v. Ratliff*, 957 S.W.2d 300, 301 (Ky. App. 1997). Accordingly, the circuit court correctly declined to consider this argument on the Estate's CR 59.05 motion and, likewise, we will not consider it in this appeal. Notwithstanding, even if the Hardisons had a heightened duty because of the use of gasoline, absent physically removing the lighter from Karen's possession, we are not aware of any other actions Linda could have taken to prevent Karen from lighting the fire, other than instructing her not to light it.

D. Spoiled Evidence Issue

The Estate's final argument on appeal is that the Hardisons' failure to call for an ambulance to transport Karen to the hospital or otherwise notify the fire

department of her injuries from the fire has resulted in the destruction or loss of evidence that would support the Estate's negligence claim. Based upon our ruling that the Hardisons breached no duty owed to Karen, this argument is moot.[8] However, we agree with the circuit court's analysis that the failure of the Estate to identify any specific evidence that is missing or destroyed, coupled with the lack of any evidence to establish that the Hardisons acted in bad faith, renders this argument meritless.

## CONCLUSION

In conclusion, the uncontroverted facts establish that Karen was injured by her own actions after being specifically instructed not to light the gasoline soaked brush pile with her cigarette lighter. Under the facts of this case, the Hardisons acted reasonably as it was not foreseeable or reasonable to believe that Karen would light the fire with a cigarette lighter after being instructed to the contrary. Thus, we find no error in the granting of summary judgment in favor of the Hardisons.

For the foregoing reasons, the Order of the Bullitt Circuit Court granting summary judgment and dismissing the Estate's complaint, as amended, is affirmed.

---

[8] The complaint, as amended, does not assert any claims of negligence in the failure of the Hardisons to call 911 for emergency assistance after Karen was injured by the fire.

GOODWINE, JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANT:

Michael Nisbet
Jeffersonville, Indiana

BRIEF FOR APPELLEES:

Ryan D. Nafziger
Joseph M. Effinger
Louisville, Kentucky