RENDERED:  DECEMBER 22, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1612-MR

MARY MCCREADY          APPELLANT

v.      APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 18-CI-00202

HEALTHSOUTH CARDINAL HILL
REHABILITATION HOSPITAL, LLC,
D/B/A CARDINAL HILL
REHABILITATION HOSPITAL          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; TAYLOR AND L. THOMPSON, JUDGES.

TAYLOR, JUDGE:  Mary McCready brings this appeal from an October 21, 2020,
Order of the Fayette Circuit Court granting summary judgment and dismissing
McCready's medical negligence action against HealthSouth Cardinal Hill
Rehabilitation Hospital, LLC, d/b/a Cardinal Hill Rehabilitation Hospital,
(HealthSouth).  We affirm.

McCready was a patient at HealthSouth and fell while undergoing physical therapy.  As a result of the fall, McCready suffered a fractured nose and displacement of a plate surgically implanted on her distal femur bone.

On January 19, 2018, McCready filed a complaint in the Fayette Circuit Court against HealthSouth.  In the complaint, McCready alleged that her fall was caused by the negligence of a physical therapist and staff of HealthSouth:

4. On January 21, 2017, [McCready] was receiving physical therapy services by an employee or agent of [HealthSouth] when the therapist negligently permitted [McCready] to fall in the floor.

5. [McCready's] fall resulted in a fractured nose, and further resulted in displacement of a distal plate which had been previously implanted in the area of [McCready's] left knee.  The displacement of the plate further resulted in the necessity of the surgical removal of the plate and related hardware.

6. The employees, agents, servants and representatives of [HealthSouth] were responsible for the care, safety and well-being of [McCready] at the time of [McCready's] fall.

7. The acts of [HealthSouth's] employees, including the physical therapist working with [McCready] at the time of her fall, in allowing [McCready] to fall while receiving physical therapy services constitute negligence on the part of the employees, agents, servants and representatives of [HealthSouth] which resulted in [McCready's] fall and resulting injury to [McCready's] nose and leg.

8. As a proximate result of the negligence of the employees, agents, servants and representatives of

-2-

[HealthSouth], [McCready] has suffered physical pain and suffering to date, mental anguish and emotional suffering to date and medical expenses, all to her damage in an amount exceeding the jurisdictional threshold of this Court. [McCready] will also likely suffer physical pain, emotional suffering and mental anguish in the future as a proximate result of said negligence.

9. As a proximate result of the aforesaid negligence of the employees, agents, servants and representatives of [HealthSouth], [McCready] has suffered severe and permanent physical injury to her [as] damage in excess of the jurisdictional threshold of this Court.

Complaint at 2-3.

HealthSouth filed a motion to dismiss the complaint. HealthSouth pointed out that McCready's medical negligence claim was "subject to the medical review panel process created by [Kentucky Revised Statutes] KRS 216C.020." Motion to Dismiss at 1. HealthSouth argued that the complaint could only be filed after the statutory review process.

McCready filed a response and stated that the complaint and the statutory medical review were simultaneously filed. McCready sought to hold the medical negligence claim in "abeyance" pending resolution of the statutory medical review process. Response at 1. Eventually, on November 15, 2018, the Supreme Court held the Medical Review Panel Act, as codified in KRS Chapter 216C, was unconstitutional as violative of Section 14 of the Kentucky Constitution.

Thereafter, on December 4, 2018, HealthSouth filed an answer. The record is then silent until January 3, 2020. On that date, a Notice to Dismiss for Lack of Prosecution per Kentucky Rules of Civil Procedure (CR) 77.02(2) was filed. The notice required McCready to show cause why the action should not be dismissed for failure to prosecute it. Some four days later, on January 7, 2020, HealthSouth filed a motion for summary judgment. HealthSouth argued that McCready had failed to present expert testimony to support her medical negligence claim and failed to diligently pursue the claim. In her response, McCready maintained:

> Ms. McCready has suffered ongoing medical issues which have severely hampered the ability to gather up-to-date information and complete the discovery responses. Plaintiff's counsel is now making efforts to complete those responses with the assistance of Ms. McCready who is now in a relatively stable condition. To the extent any delay was attributable to Plaintiff's counsel, apologies are offered to both the Court and defense counsel with the suggestion that it would be terribly unfair to Ms. McCready to suffer dismissal of her claims for any unintended delay on the part of counsel.

> As to the facts of the case, Plaintiff anticipates expert testimony will support Plaintiff's claims of negligence on the part of the Defendant and trial experts will be identified in accordance with the scheduling Orders of the Court. The medical records have already been reviewed by at least one qualified expert whose opinion was sought and received prior to filing this action.

> As herein noted, the gist of Plaintiffs' claims, as

> evaluated by expert review, is that the Defendants did not take proper professional precautions to prevent Ms. McCready's fall and that such failure on the part of the Defendant constituted a deviation from the accepted standard of care under the circumstances. The fall resulted in physical injury to Ms. McCready and she asks to be able to pursue her claim against the Defendant. Genuine issues exist as to material facts, and the Plaintiff respectfully requests that the motion for summary judgment be overruled.

Response at 2.

The record reveals that the circuit court orally denied the motion for summary judgment on January 17, 2020; however, the order was never reduced to writing.[1] Subsequently, an agreed scheduling order was entered on February 7, 2020. Therein, it was ordered that McCready should identify any expert witnesses by June 1, 2020. The court also ordered that the action "REMAIN ON THE DOCKET" in a February 11, 2020, order.

On October 7, 2020, HealthSouth filed a renewed motion for summary judgment. HealthSouth argued that McCready had failed to identify any expert to support her medical negligence claim. HealthSouth also pointed out that the action was filed in January 2018 and that McCready was ordered to identify her expert witness by June 1, 2020, but had failed to do so. To prevail upon her claim, HealthSouth maintained that expert testimony was essential. HealthSouth also

---

[1] As a general rule, a court speaks only through written orders entered upon the official record. *Kindred Nursing Centers Ltd. P'ship v. Sloan*, 329 S.W.3d 347, 349 (Ky. App. 2010).

-5-

stated that McCready had taken no steps to prosecute its claim and that the circuit court should dismiss it under CR 41.02(1).

In her response, McCready argued that she was waiting to schedule the deposition of the physical therapist. McCready stated that the deposition was initially hampered by the COVID-19 pandemic and later by HealthSouth's failure to provide dates of when the physical therapist would be available. In particular, McCready asserted:

> It is anticipated that more information regarding the therapist's treatment of [McCready] and his actions will be discovered once [McCready] is permitted to depose the therapist. With that information in hand, [McCready] will then be in a position to have the deposition reviewed, disclose expert testimony, and move forward.

Response at 3.

By order entered October 21, 2020, the circuit court granted the motion for summary judgment and also dismissed the action under CR 41.02. The circuit court held, in relevant part:

> Based upon a review of the record, including [McCready's] Response to the pending motion, hearing arguments of counsel, and being otherwise sufficiently advised, the Court concludes that [McCready] has failed to actively and diligently prosecute her claims, including failing to present any evidence from expert witness(es) in support of her allegations of medical negligence. Further, [McCready] did not present any affirmative evidence in response to [HealthSouth's] motion and the attached affidavit from its own expert witness.

Order at 3.

McCready then filed a CR 59.05 motion to vacate the October 21, 2020, order.  In the motion, McCready argued:

> The Plaintiff, Mary [McCready] appeared for her deposition on March 10, 2020[,] and [HealthSouth] was to provide for the therapist's deposition.  On or about March 13, 2020, the Covid-19 pandemic shutdown occurred and all proceedings were temporarily halted.  On March 30, 2020, Defense Counsel sent McCready's Counsel and [sic] email saying that, due to Covid-19 concerns, the defense anticipated looking at dates in June or July, 2020[,] for the deposition of the therapist.  It must be noted that [HealthSouth]'s newly proposed deposition dates of June or July would have exceeded the June 1 disclosure deadline for [McCready] which had been established by agreement before the onset of the pandemic.  Acting with the good faith belief that the defense needed until at least June or July, 2020[,] in which to produce the therapist for deposition, and giving credence to the effects of the pandemic, Plaintiff's counsel had no objection to the deposition of the therapist being delayed until June or July.
>
> . . . .
>
> As to the delay between July and October, 2020, [McCready's] counsel states the pandemic shutdown was still occurring in part which significantly impacted the schedules of [McCready's] counsel during that time, but also the lives and schedules of others.  Hence, [McCready's] counsel did not push for immediate deposition dates from defense counsel at the end of June or July but had the intention of cooperating with defense counsel to arrange a mutually agreeable deposition date for counsel and the therapist.  If the circumstances were reversed, and it were [McCready's] counsel who had agreed to produce a witness for deposition and then asked

-7-

for additional time beyond the date of the scheduling Order, [McCready's] counsel would feel obligated to comply with the terms and spirit of the agreement.

. . . .

The second issue is whether [McCready] had expert evidence. In [McCready's] response to the motion for summary judgment, [McCready] stated that a consulting expert had reviewed the case and had given opinions indicating negligence of the [HealthSouth] in causing [McCready's] fall. [McCready] did not produce an expert report in its response because the expert was still awaiting receipt of the therapist's deposition before rendering final conclusions and opinions. Further, [McCready's] counsel was not yet certain as to whether an additional expert would be retained after deposing the therapist. So that the Court is fully aware, [McCready] attaches the affidavit of Kimberly Kafka, BSN, RN, CMSRN, and her curriculum vitae confirming that she had reviewed [McCready's] medical records and had rendered preliminary conclusions of negligence on the part of the [HealthSouth] in January, 2018, before this action was filed. The Affidavit of Nurse Kafka is attached and herby incorporated in full by reference.

1) Nurse Kafka states in paragraph eight of her affidavit:

> Based on my review of the records for the reasons stated above, it was and still is my opinion that the staff of Cardinal Hill Hospital deviated from the accepted standard of patient care in the care and treatment of Ms. McCready and that such deviation from the acceptable standard of care was a direct and proximate result of Ms. McCready's fall and resulting injuries sustained on January 21, 2017.

Nurse Kafka, in paragraph 11, states:

-8-

It is anticipated that future information from the person or persons with or near Ms. [McCready] at the time of her fall would enable me to finalize my conclusions and opinions and to decide whether any modification or supplementation of my opinion is warranted.

Motion to alter, amend, or vacate at 2-5.

The circuit court denied McCready's CR 59.05 motion by order entered November 24, 2020. This appeal follows.

McCready contends that the circuit court erroneously rendered summary judgment dismissing her medical negligence claim against HealthSouth. McCready concedes the need for medical expert testimony. However, McCready asserts that it was necessary for her to first take the deposition of the physical therapist, whose negligent care caused the fall. McCready maintains that she "was not in a position to have expert review and assessment of the [physical] therapist's actions without the therapist's discovery disposition." McCready's Brief at 17. And, as to the taking of the physical therapist's disposition, McCready claims that the COVID-19 pandemic prevented her from doing so and that HealthSouth failed to provide the dates when the physical therapist would be available for deposition. For these reasons, McCready argues that summary judgment was premature and erroneous.

Summary judgment is proper where there exists no material issue of fact and movant is entitled to judgment as a matter of law. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476 (Ky. 1991). In a medical negligence case, our Supreme Court has held that "[w]hen it is evident that the plaintiff has not secured a single expert witness and has failed to make any expert disclosures after a reasonable period of time, there truly is a failure of proof and a summary judgment motion is appropriate." *Blankenship v. Collier*, 302 S.W.3d 665, 674 (Ky. 2010).[2] The circuit court's decision that a party has had an ample opportunity to conduct discovery is reviewed for an abuse of discretion. *Id.* at 668.

The record reveals that McCready filed this medical negligence action on January 19, 2018. At that time, McCready was statutorily mandated to submit her action to the medical review panel, but the Supreme Court concluded the Medical Panel Review Act was unconstitutional on November 15, 2018. Thereafter, McCready was free to advance her action in the circuit court. Yet, McCready failed to do so. In fact, the record is silent from December 4, 2018, when HealthSouth gave notice of interrogatories, until December 3, 2020, when a notice to dismiss for lack of prosecution was entered. The circuit court agreed to

---

[2] There are two exceptions to this rule in medical negligence actions. Although not applicable to this appeal, expert testimony is unnecessary where defendant essentially admits to negligence and where the common-knowledge of a layperson is extensive enough to recognize the negligence. *Ashland Hosp. Corp. v. Lewis*, 581 S.W.3d 572, 578 (Ky. 2019).

-10-

allow the action to proceed upon McCready's assurances that she would reasonably pursue it. To that end, an agreed scheduling order was entered on February 7, 2020. Therein, the court ordered McCready to identify any expert witnesses by June 1, 2020.

This Court is aware of the devasting impact of the COVID-19 pandemic and understands that delays were caused thereby. And, it is reasonable that COVID-19 restrictions prevented McCready from meeting the June 1, 2020, deadline for identification of expert witnesses as set forth in the agreed order. However, the renewed motion for summary judgment was not filed until October 7, 2020, and summary judgment was granted on October 21, 2020. Between the scheduling order's deadline of June 1, 2020, and October 21, 2020, the record reveals that McCready failed to file a motion for extension of time to identify an expert witness or to schedule the deposition of any witness, including the physical therapist.

At the hearing on the motion for summary judgment, the circuit court was troubled by McCready's continued failure to prosecute the action and her inability to provide a reasonable justification for her failure to identify an expert witness. The circuit court believed that McCready had been give more than ample time to conduct discovery and identify an expert witness. And, considering the whole of the case, we are unable to conclude that the circuit court abused its

discretion by concluding that McCready had ample opportunity to conduct discovery before entry of summary judgment.

Additionally, McCready attempted to rectify her failure to identify an expert witness by attaching an affidavit to her CR 59.05 motion to vacate summary judgment. The affiant was a registered nurse, who opined that HealthSouth breached sundry standards of care that caused McCready's fall. We question whether a registered nurse may properly testify as to a physical therapist's standard of care. Nevertheless, the law is well-settled that additional evidence may not be submitted in a CR 59.05 motion after judgment. *See Hopkins v. Ratliff*, 957 S.W.2d 300, 301 (Ky. App. 1997).

In sum, we conclude that the circuit court properly rendered summary judgment as McCready failed to identify an expert witness in her medical negligence action against HealthSouth. Any remaining contentions of error are moot or without merit.

For the foregoing reasons, the Order of the Fayette Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Edward L. Cooley
Lexington, Kentucky

David C. Graves, III
Lexington, Kentucky

ORAL ARGUMENT FOR
APPELLANT:

Edward L. Cooley
Lexington, Kentucky

BRIEF FOR APPELLEE:

Jeffery T. Barnett
Jessie L. Mullaney
Lexington, Kentucky

ORAL ARGUMENT FOR
APPELLEE:

Jeffery T. Barnett
Lexington, Kentucky